## HEINE v. NEW YORK LIFE INS. CO.
### No. 10465.

District Court, D. Oregon.
Dec. 1, 1930.

C. T. Haas and E. B. Seabrook, both of Portland, Or., for plaintiff.

Huntington, Wilson & Huntington and Clark & Clark, all of Portland, Or., for defendant.

BEAN, District Judge.

This is one of a series of cases pending in this court against the New York Life Insurance Company and the Guardian Insurance Company, each of which is a New York corporation, to recover on some two hundred and forty life insurance policies made and issued by the defendants in Germany, in favor of German citizens and subjects, and payable in German marks. The policies of the New York Life Insurance Company were issued prior to August 1, 1914, and those of the Guardian prior to May 1, 1918. As a condition to their right to do business in Germany, the insurance companies were required to and did submit to the supervision and control of the German insurance officials, to invest the reserves arising from German policies in German securities, and to establish, and they do now maintain, an office in that country with a resident representative or agent upon whom service of process can be made.

The actions now pending are brought and prosecuted in the name of, or as assignee of the insured by, certain parties in the United States and Germany, under an irrevocable power of attorney, by which they are authorized and empowered to sue for, collect, receive, and receipt for all sums due or owing under the policies, or compromise the same in consideration of an assignment and transfer to them of the undivided 25 per cent. interest in the policies and all rights accruing thereunder.

None of the parties to the litigation are residents or inhabitants of this district. The plaintiffs reside in, and are citizens of, the republic of Germany. The defendants are corporations organized and existing under the laws of New York, with their principal offices in that state, with statutory agents in Oregon, upon whom service can be made. None of the causes of action arose here, nor do any of the material witnesses reside in the district, nor are any of the records of the defendant companies pertaining to the policies in suit in the district, but such records are either at the home office in New York or at their offices in Germany. The courts of Germany and New York are open and functioning and competent to take jurisdiction of the controversies, and service can be made upon the defendants in either of such jurisdictions. To require the defendants to defend the actions in this district would impose upon them great and unnecessary inconvenience and expense, and probably compel them to produce here (three thousand miles from their home office) numerous records, books, and papers, all of which are in daily use by it in taking care of current business.

In addition, it would no doubt consume months of the time of this court to try and dispose of these cases, thus necessarily disarranging the calendar, resulting in delay, inconvenience, and expense to other litigants who are entitled to invoke its jurisdiction.

Under these circumstances, the defendants, while conceding that the court has jurisdiction of the person and subject-matter, urges that it should refuse, in its discretion, to exercise such jurisdiction.

I unhesitatingly concur in this view, for, as said by Mr. Justice Holmes in Cuba Railroad Co. v. Crosby, 222 U. S. 473, 32 S. Ct. 132, 133, 56 L. Ed. 274, 38 L. R. A. (N. S.) 40: "It should be remembered that parties do not enter into civil relations in foreign jurisdictions in reliance upon our courts. They could not complain if our courts refused to meddle with their affairs, and remitted them to the place that established and would enforce their rights. * * * The only just ground for complaint would be if their rights and liabilities, when enforced by our courts, should be measured by a different rule from that under which the parties dealt."

It is apparent that the plaintiffs are seeking by these actions to impose on the defendants a liability under a different rule than "that under which the parties dealt."

The courts of Germany have ruled that any person seeking to recover on a civil contract made in Germany prior to August, 1924, and payable in marks, can only recover on the basis provided in the monetary law of 1924. Manifestly the plaintiffs are not proceeding on any such theory.

It is argued by the plaintiffs that, because the court has jurisdiction of the subject-matter and the parties, it has no discretion, but should proceed with the case, regardless of where the cause of action arose, or the law by which it is controlled, or the residence or convenience of the parties and witnesses, or the difficulty the court would encounter in attempting to interpret and enforce a foreign contract, or the interference with the other business of the court. But that is a matter resting in its discretion. It may retain jurisdiction, or it may, in the exercise of a sound discretion, decline to do so, as the circumstances suggest. The courts have repeatedly refused, in their discretion, to entertain jurisdiction of causes of action arising in a foreign jurisdiction, where both parties are nonresidents of the forum. Gregonis v. Philadelphia & R. Coal & Iron Co., 235 N. Y. 152, 139 N. E. 223, 32 A. L. R. 1, and note; Pietraroia v. New Jersey & Hudson River Ry. & Ferry Co., 197 N. Y. 434, 91 N. E. 120; Gregonis v. P. & R. Coal & Iron Co., 235 N. Y. 152, 139 N. E. 223, 32 A. L. R. 1; Stewart v. Litchenberg, 148 La. 195, 86 So. 734; Smith v. Mutual Life Insurance Co., 14 Allen (96 Mass.) 336–343; National Telephone Mfg. Co. v. Du Bois, 165 Mass. 117, 42 N. E. 510, 30 L. R. A. 628, 52 Am. St. Rep. 503; Collard v. Beach, 81 App. Div. 582, 81 N. Y. S. 619; Great Western Railway Co. v. Miller, 19 Mich. 305; Discouto Gesellschat v. Umbreit, 127 Wis. 651, 106 N. W. 821, 15 L. R. A. (N. S.) 1045, 115 Am. St. Rep. 1063.

As said by Mr. Justice Bradley in The Belgenland, 114 U. S. 355, 5 S. Ct. 860, 864, 29 L. Ed. 152: "Circumstances often exist which render it inexpedient for the court to take jurisdiction of controversies between foreigners in cases not arising in the country of the forum; as, where they are governed by the laws of the country to which the parties belong, and there is no difficulty in a resort to its courts; or where they have agreed to resort to no other tribunals * * *

not on the ground that it has not jurisdiction, but that, from motives of convenience, or international comity, it will use its discretion whether to exercise jurisdiction or not."

See, also, Charter Shipping Co. v. Bowring, 281 U. S. 515, 50 S. Ct. 400, 74 L. Ed. 1008.

These, in my judgment, are cases of that kind. They are actions brought on causes of action arising in Germany. The contract of insurance was made and to be paid there and in German currency. It is to be construed and given effect according to the laws of the place where it was made. 22 Am. & Eng. Ency. of Law (2d Ed.) 1350. The courts of this country are established and maintained primarily to determine controversies between its own citizens and those having business there, and manifestly the court may protect itself against a flood of litigation over contracts made and to be performed in a foreign country, where the parties and witnesses are nonresidents of the forum, and no reason exists why the liability, if any, cannot be enforced in the courts of the country where the cause of action arose, or in the state where the defendant was organized and has its principal offices. True, the courts of New York have declined to exercise jurisdiction over actions brought on insurance policies similar to those in suit. Higgins v. N. Y. Ins. Co., 220 App. Div. 760, 222 N. Y. S. 819, and Von Nessen-Stone v. N. Y. Life Ins. Co.[1] But that affords no reason why this court should do so. It is to me unthinkable that residents and citizens of Germany may import bodily into this court numerous actions against a nonresident defendant, on contracts made and payable in Germany, and insist as a matter of right that, because it has obtained jurisdiction of the defendant by service of its statutory agent, the taxpayers, citizens, and residents of the district having business in the court should stand aside and wait the conclusion of the case, where, as here, the courts of Germany and of the home state of the defendant are open and functioning.

Judge Tucker, in the state court of Multnomah county, *in an able and well-considered opinion in a case brought on one of the German policies (Kahn v. New York), reached the same conclusion.*

Motion allowed.

---

[1] Memorandum decision.