**MURRAY v. UNION PAC. R. CO.**

**SEALEY v. SAME.**

Nos. 47 C 1126, 47 C 1127.

District Court, N. D. Illinois, E. D.

May 12, 1948.

Bruneau E. Heirich of Chicago, Ill., for plaintiffs.

John A. Sheean, of Chicago, Ill., for defendant.

CAMPBELL, District Judge.

The cause is now before the court on the defendant's motion to vacate the order remanding the cause to the Superior Court of Cook County.

■ If these suits had initially been filed in this court, and the defendant pleaded forum non conveniens, the result would have been the dismissal of the suits if the plea was well-taken. When suits are initially filed in a state court and removed here, I assume that the doctrine of forum non conveniens may also be applied. When it is applied, it is because the case was improperly removed, in the sense that this court finds that the case is not a proper one for the exercise of jurisdiction. But to dismiss the case in this situation is to put the plaintiff to the expense of filing a new suit, and to the possible loss of his remedy if the statute of limitations has intervened, even though the plaintiff has originally brought his suit in the proper court. It follows that in this situation the case should be remanded to the state court, and hence that disposition was made of these cases.

The cases now cited by defendant do not relate to this point. Travelers' Protective Ass'n v. Smith, 4 Cir., 1935, 71 F.2d 511, is concerned with the propriety of remanding a case to the state court on a ground arising after removal and not affecting jurisdiction. Bucy v. Nevada Construction Co., 9 Cir., 1942, 125 F.2d 213, holds that an order of remand is not self-executing and hence may be vacated before it has been executed and jurisdiction re-vested in the state court.

■ With respect to the question of interference with interstate commerce, the court has taken judicial notice of the nature of defendant's operations in this jurisdiction. In its motion to dismiss, the defendant alleged that it neither owns, leases, manages nor operates any line of railroad within the State of Illinois. But it is a fact that passengers can board defendant's trains in Chicago, and defendant advertises those trains widely. The fact that they operate in this jurisdiction over the tracks of another railroad, or even the fact, if it be a fact, that they are operated in this jurisdiction by employees of another railroad, merely indicates that the defendant operates here through the agency of another railroad company. In my opinion, this is sufficient operation in this jurisdiction to take this proceeding out of the rule of Davis v. Farmers' Cooperative Equity Co., 1923, 262 U.S. 312, 43 S.Ct. 556, 67 L.Ed. 996.

The defendant's motion to vacate the remanding order of May 3, 1948 is therefore denied.