## DE SAIRIGNE v. GOULD.

United States District Court
S. D. New York.
Feb. 25, 1949.

Samuel N. Leiterman, of New York City, for plaintiff.

Cahill, Gordon, Zachry & Reindel and Roberts, Austin, Muller & McCook, all of New York City (Mathias F. Correa, Jerome Doyle, and Richard H. Kuh, all of New York City, of counsel), for defendant.

COXE, District Judge.

This is a motion by the defendant to dismiss this action on the ground of forum non conveniens.

The complaint contains three causes of action. It is alleged in the first cause of action that plaintiff is a citizen of the Republic of France and that defendant is a citizen of the State of New York and the United States of America, presently residing in France but having an office for the regular transaction of business in New York City; that about February 20, 1944, at Juan les Pin, France, defendant made and delivered to plaintiff his check upon the United States Trust Company of New York, to plaintiff's order, for the sum of $400,000; that plaintiff endorsed the check and presented it to the Trust Company for payment, but payment was refused, of all of which defendant was duly notified; that, under the laws of France, the·check "constituted an undertaking, or agreement, or admission between the parties" thereto, "which took the place of, and superseded, any prior arrangement or agreement between said parties," and that, by reason thereof, defendant "became obligated to pay" to plaintiff $400,000, "regardless of any prior agreement between the said parties, and that said obligation became binding in law, even if the making and delivery of said check were a gratuitous payment or gift, or intended as a gift."

In the second cause of action it is alleged that plaintiff is a citizen of France and was, at all the times mentioned, a resident of France but now resides in New York City; that defendant, although a citizen of the United States, has resided for many years, and still continues to reside, in France; that, for some time prior to February 20, 1944, while defendant was residing in France, "he was apprehensive and fearful that the German authorities and German Armies which were then occupying France, might arrest, intern or deport him, and so informed plaintiff"; that plaintiff thereupon, at his special instance and request "performed certain work, labor and services" for him, which included giving him "shelter, asylum, comfort and protection in her home," and continued to do so until he was no longer in such danger; that defendant is a man of great wealth, whose annual income was over $500,000; that he informed plaintiff that her services were valued by him at $400,000; that he assumed and agreed to pay her that amount and in discharge and payment of such obligation he gave her the check for $400,000 referred to; and that about February 25, 1947, and without just cause or any justification, he notified the Trust Company not to pay the check, whereupon it refused to do so. Then follow the same allegations as to the French law which are contained in the first cause of action.

The third cause of action relates to plaintiff's claim against the United States Trust Company. As the complaint has already been dismissed as to it, its allegations .are of no importance upon the motion.

■ It also appears from the papers submitted upon the motion that defendant has resided in France for many years for purposes of his health and that his attorney has been informed that he is under the daily care of doctors in France, who have advised him that travel to the United States in the foreseeable future is impossible, and that defendant has substantial assets in France which are more than sufficient in amount to satisfy any judgment which plaintiff may obtain. Although these latter statements are based only upon the attorney's information and belief, they may properly be considered as facts upon this motion, for they are not disputed. See Koster v. Lumbermen's Mutual Casualty Co., 330 U.S. 518, 531, 67 S.Ct. 828, 91 L.Ed. 1067.

Process was not served upon defendant personally, but upon his attorney in fact in New York City, and defendant thereafter appeared and made the present motion.

■ Thus, the action is brought in a United States Court by an alien who, at all pertinent times, was a resident of France, although it is alleged in the second cause of action that she is now residing in the United States; the defendant is a citizen of the United States, who, at all pertinent times, as well as at the time of bringing suit, was also a resident of France; the prayer is for damages for breach of an agreement, also made in France. Plaintiff's right of .recovery is asserted to arise, not under the laws of the United States or of any State thereof, but under the laws of France, which, as they are pleaded in the complaint, are quite different from, and inconsistent with, our laws. If any witnesses, other than the parties, are necessary, they would all seem to be residents of France, for the transaction complained of took place there. If plaintiff should deem it necessary to prove presentation of the check to the Trust Company, and its refusal to pay, this purely formal testimony can easily be obtained by depositions here; but such testimony would not seem to be necessary, if the French law is as alleged in the complaint. If the case is tried in a French court, there will be no need of expert witnesses as to the French law, which will be necessary if the case is tried here. And defendant appears to have sufficient assets in France to meet any judgment which plaintiff may obtain.

■ Under such circumstances, this court has the right to decline, and should decline, to entertain jurisdiction. An alien has no constitutional right to sue in our courts. Heine v. New York Life Ins. Co., 9 Cir., 50 F.2d 382, Affirming, D.C., 45 F.2d 426. Nor does even an American citizen have an absolute right, under all circumstances, to sue in an American court. U. S. Merchants' & Shippers' Ins. Co. v. A/S Den Norske Afrika Og Australie Line, 2 Cir., 65 F.2d 392. As Mr. Justice Holmes said in Cuba R. Co. v. Crosby, 222 U.S. 473, 480, 32 S.Ct. 132, 133, 56 L.Ed. 274, 38 L.R.A., N.S., 40:

"But it should be remembered that parties do not enter into civil relations in foreign jurisdictions in reliance upon our courts. They could not complain if our courts refused to meddle with their affairs, and remitted them to the place that established and would enforce their rights."

■ In Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055, the court said:

"The principle of forum non conveniens is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." 330 U.S. at page 507, 67 S.Ct. at page 842, 91 L.Ed. 1055.

"The doctrine leaves much to the discretion of the court to which plaintiff resorts". 330 U.S. at page 508, 67 S.Ct. at page 843, 91 L.Ed. 1055.

"There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." 330 U.S. at page 509, 67 S.Ct. at page 843, 91 L.Ed. 1055.

The last observation seems particularly apposite in the present case, where the plaintiff is an alien seeking to enforce in our courts rights given her by the laws of her own country, which are based upon a system of laws alien to our system, and where she can obtain jurisdiction over the defendant equally as well in her own country as here. See also Canadian Malting Co. v. Paterson Steamships, 285 U.S. 413, 52 S.Ct. 413, 76 L.Ed. 837.

Upon a somewhat similar showing jurisdiction was refused in Heine v. New York Life Ins. Co., supra. That was an action by a German citizen and resident, the assignee of the beneficiaries, who were also Germans, under insurance policies issued by a New York corporation in Germany upon the lives of German citizens, payable in Germany in German marks. The insurance company had an office in Germany, where it could have been served with process.

The plaintiff insists, however, that Section 1404(a) of the new Judicial Code, 28 U.S.C.A. § 1404(a), has codified the law of forum non conveniens so as to limit its application to cases which are capable of being transferred from one federal district to another "for the convenience of parties and witnesses, in the interest of justice." I think this contention is plainly unsound, for it would strip a federal court of its inherent power to refuse jurisdiction in cases which should not have been brought here but should have been brought in a foreign jurisdiction, such as Canadian Malting Co. v. Paterson Steamships, supra, and Heine v. New York Life Ins. Co., supra. There is nothing in the language or history of the section to indicate that Congress had any such intention.

I think, also, that the further contention of plaintiff that the motion is governed by New York law is equally unsound. The case is not one of diversity of citizenship, and the inherent power of federal courts to refuse jurisdiction is not governed or affected by State law.

The motion of the defendant to dismiss the action on the ground of forum non conveniens is accordingly granted.