## LATIMER v. S/A INDUSTRIAS RE-UNIDAS F. MATARAZZO.

United States District Court
S. D. New York.
May 22, 1950.

Lord, Day & Lord, New York City, for plaintiff.

Newman & Bisco, New York City, for defendant.

NOONAN, District Judge.

This is a motion by defendant to dismiss this action on the ground of forum non conveniens.

The defendant herein had originally moved this court to dismiss the complaint

and to vacate the service of summons and complaint, on the ground that the defendant was not "doing business" within this district, so as to subject it to the jurisdiction of this court, and that service on the Brazil Export Corporation was not valid service on defendant.

The District Court granted this motion. However, on appeal to the Court of Appeals for the Second Circuit, the judgment of the District Court was reversed, Latimer v. S/A Industrias Reunidas F. Matarazzo, 2 Cir., 175 F.2d 184, 186, and the cause remanded with these instructions: "The court will assume that the defendant carries on a continuous business in New York, but it will hear the parties as to whether the circumstances are such as would support a plea, forum non conveniens, if it had so pleaded in an action where jurisdiction was unquestioned."

Therefore, the sole question before this court is whether the circumstances here present are such that this court should, in the exercise of its discretion and in the interest of justice, decline jurisdiction under the principle of forum non conveniens.

The action is one for breach of an employment contract and to recover for services performed for the defendant in Brazil, by the plaintiff, as an engineer. Plaintiff is a citizen of Georgia. Defendant is a Brazilian corporation, whose principal place of business is in Sao Paulo, Brazil. It has no office in this district. Defendant is "engaged in the manufacture of textiles and allied industries for the South American trade exclusively." It does not "make sales or deliver goods in the United States" with the exception of one sale, made in 1945. Defendant does purchase equipment and materials in the United States and Canada (though it has only made one purchase in New York, in 1947), and to facilitate these purchases, defendant maintains a drawing account in a New York bank. Such purchases are made by the Brazil Export Corporation, upon whom service of the summons and complaint was made, and which acts as "buyer" for the defendant and other South American corporations "with no authority to do more than to transmit offers and acceptances on a strictly commission basis". Brazil Export Corporation is a corporation organized under the laws of New York and is doing business in New York City. It is a separate corporate entity from defendant; neither one is a stockholder of the other.

The employment contract which is the subject matter of this suit was drawn and executed in New York at the office of Brazil Export Corporation and executed by it, as the defendant's agent, on August 20, 1945. By the terms of the contract, plaintiff was employed by defendant for a three year period. The contract was to be performed in South America, where the plaintiff went, in October, 1945, and remained for about two years. In June 1947, while plaintiff was on a visit to the United States, the contract was terminated. The circumstances precipitating the termination are disputed by the parties.

For emphasis, it is again noted that the sole question before this court is whether the circumstances herein are such as to sustain a plea, forum non conveniens, assuming the jurisdiction to be unquestioned.

In Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055, the court said: "The principle of forum non conveniens is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute."

The doctrine of forum non conveniens was, in essence, codified by Sec. 1404(a), Title 28 U.S.C.A. Auburn Capitol Theatre Corp. v. Schine Chain Theatres, D.C., 83 F.Supp. 872. Maloney v. New York, N. H. & H. R. Co., D.C., 88 F.Supp. 568. However, the enactment of this section providing for transfer rather than dismissal—the only remedy available under forum non conveniens—has caused to be evolved a decisional tendency wherein the courts require less of a showing of "abuse of process" while being more willing to grant relief on a showing of inconvenience.

Sec. 1404(a) is not applicable here, for the wording of the statute is "a district court may transfer any civil action to any

other district or division where it might have been brought." Therefore, though it is assumed for the purposes of this motion that jurisdiction is unquestioned in this district, it appears clear from the facts now before the court, that there is no other district or division in the United States where for jurisdictional reasons, the action could have been brought. Rather, the real remedy actually sought by this motion is a dismissal of the cause.

Sec. 1404(a) has not limited the application of forum non conveniens to cases which are capable of being transferred from one Federal district to another. Otherwise, it would be a denial of a Federal Court's inherent power to refuse jurisdiction in cases which should not have been brought in the United States, but rather in the courts of a foreign jurisdiction. De Sairigne v. Gould, D.C., 83 F.Supp. 270.

▇▇▇ In the application of forum non conveniens, the court, in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055, said: "The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

Further, the Supreme Court in the Gulf Oil case, supra, noted the difficulty of cataloguing those circumstances which would justify the sustaining or denial of a plea of forum non conveniens. However, the court did set forth criteria as a guide in the determination of such a plea. These include relative ease of access of proof;

availability of compulsory process for the attendance of unwilling, and the cost of obtaining the attendance of willing, witnesses; and other practical considerations that make the trial of a case easy, expeditious and inexpensive.

In this case, clearly, this is an inconvenient forum for the defendant, but it is by no means apparent that the choice of forum has been prompted by an intent to "oppress" "vex" or "harass", on the part of plaintiff. This conclusion has not been arrived at by speculation. The simple fact is that there is no other forum in the United States where this inconvenience would not be attendant.

Plaintiff states that his witnesses live within 100 miles of this district. Defendant vigorously disputes the materiality of the testimony of these witnesses. There are not sufficient facts now before this court to approximate a determination of this issue.[1]

Defendant, conversely, asserts that all of its witnesses reside in Sao Paulo, Brazil, and talk Portugese.

While it seems clear that questions necessarily arising at the trial involve facts, the sources of proof of which are in Sao Paulo, nevertheless, this does not appear to place an unconscionable burden on the defendant. Voluminous records from Brazil are not involved and a defense of this action would not adversely affect, to any appreciable degree, the conduct of defendant's business. The presentation of the testimony of the defendant's witnesses does necessarily place a burden on the defendant. However, from the nature of the case and the known facts, the issues to be resolved in this action are not involved; accordingly, this burden, while it is one not to be passed over lightly, is not controlling. Defendant's witnesses

1. Defendant has alleged, by way of circumstantial facts, which are uncontroverted, that the personal knowledge of two of plaintiff's three witnesses, as to the facts in issue, is so limited as to be almost nonexistent. Assuming the facts to be as defendant contends, however, if this court were to rule on the necessity for the presence, or the materiality of the testimony, of said witnesses at this point, it would, in effect, be a finding that plaintiff is acting in bad faith on this motion. Such a finding, on the facts before the court, is unwarranted, even though a question is raised in the mind of the court as to the actual need for the presence of said witnesses.

will be employees of defendant; thus the question of the availability of compulsory process is not raised. Per contra, the court notes that during the series of events leading up to this litigation, Brazil Export Corporation, through its officers in New York, corresponded, and met, with the plaintiff on behalf of its "principal", the defendant.

In Ferguson v. Ford Motor Company, et al., 2 Cir., 182 F.2d 329, the court in discussing the language of Gulf Oil Corp. v. Gilbert, supra, said: " * * * (a) that a defendant has the burden of making out a strong case for a transfer and (b) that the plaintiff's privilege, conferred by statute, of choosing the forum he selected is a factor to be considered as against the 'convenience' of the witnesses or what otherwise might be the balance of 'convenience' as between 'the parties.' "

Admittedly, circumstances here are not conducive toward making the trial of the case easy, expeditious and inexpensive. However, in "weighing" the attending inconveniences, it does not appear that the "balance" is "strongly in favor of the defendant".

Further, in this case we have a situation where the plaintiff is a citizen and the defendant is an alien, and the alien is asking this court to decline jurisdiction. In The Saudades, D.C., 67 F.Supp. 820, it was said that an American court may not refuse to try a case brought by an American citizen unless it feels an injustice would be done by allowing him to proceed. Mere inconvenience to the non-citizen is not a ground for refusing jurisdiction. The court is mindful that in De Sairigne v. Gould, supra, by way of dicta it was observed that an American citizen does not have an absolute right, under all circumstances, to sue in an American court, and the case of U. S. Merchants' & Shippers' Insurance Co. v. A/S Den Norske Afrika Og Australie Line, 2 Cir., 65 F.2d 392, was cited. However, in the latter case the citizen-plaintiff was not suing in its own right, but rather as a subrogee of an alien principal. There Judge Learned Hand said, 65 F.2d at page 394:

"It seems to us that his (plaintiff's) acceptance of a generally derivative position leaves us free to define its limits by practical results; to say that because of these it is just that he should be deemed to have yielded his absolute privilege as a citizen, as he has yielded so much else.

" * * * courts are primarily maintained for the benefit of citizens, access to them is only to secure justice; in this instance by hypothesis justice would deny that access." (Matter in parenthesis supplied.)

The latter part of the above quotation, in effect, expounds a similar doctrine expressed by the Supreme Court in International Shoe Co. v. State of Washington et al., 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 161 A.L.R. 1057: " * * * due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "

Thus, the question arises as to whether the retention of this action here would offend "traditional notions of fair play and substantial justice" or, by way of a corollary, would justice deny this plaintiff access to this court.

The court has noted previously that the agreement was executed in New York, and that Brazil Export Corporation proceeded to act in behalf of defendant, subsequent to plaintiff's return to the United States. While these facts are not a se determinative of this motion, they should be considered.

On the facts presented to the court, it appears that the severance of the employer-employee relationship did not occur until plaintiff was on an enforced vacation in the United States. The question of the severance was raised by defendant's cable to plaintiff, setting forth conditions under which he might return. When plaintiff refused to accede to said conditions, and made affirmative demands on defendant (which, however, were not set forth as con-

ditions precedent to his return), defendant terminated the contract.

Thus it would appear from the cable to plaintiff that defendant had been aware of any basis for terminating the employment agreement, prior to plaintiff's departure from Sao Paulo. It could well have raised the issue of termination then, but instead, waited until plaintiff had returned to the United States.

Having so timed its action (the court is not considering the merits thereof), defendant now urges that if plaintiff feels his discharge was wrongful he must return to Brazil for relief. The court feels that these circumstances render inapplicable here, the warning of Mr. Justice Holmes in Cuba R. Co. v. Crosby, 222 U.S. 473, 480, 32 S.Ct. 132, 133, 56 L.Ed. 274, 38 L.R.A.,N.S., 40; "But it should be remembered that parties do not enter into civil relations in foreign jurisdictions in reliance upon our courts. They could not complain if our courts refused to meddle with their affairs, and remitted them to the place that established and would enforce their rights."

In discussing the case of Latimer v. S/A Industries Reunidas F. Matarazzo, supra, 175 F.2d at page 185, the Court of Appeals said that "continuous business" within the State of the forum is not enough, that the injustice might be too great, if regardless of all attending "inconveniences", a corporation be compelled to stand trial there merely on that account. However, in view of all of the circumstances here present, the court does not find that a retention of this action would be such an injustice. The question of the "injustice" of "attending circumstances" can not be resolved solely by a reference to the inconveniences attendant on the defendant corporation, but must be considered with the otherwise resulting inconvenience to plaintiff and the overall aspects of the action.

In passing, we should note that defendant relies on the arbitration provision in the employment agreement. While the validity of this agreement and the effect of the arbitration clause is not before the court on this motion, it might be argued that it is indicative of the intention of the parties. However, so regarding it, the court feels that the circumstances surrounding the termination, apart from any justification defendant might or might not have for such severance, obviates further consideration of said clause on this motion.

Therefore, assuming that the defendant is doing a continuous business in this district and considering all the factors here present, it is the conclusion of this court that the interests of justice will be best served by a denial of this motion.

The motion is accordingly denied.