**542**

UNITED STATES of America,
Plaintiff,

v.

COUNTY OF LAWRENCE, Commonwealth of Pennsylvania, City of New Castle, Commonwealth of Pennsylvania, City of New Castle School District, Commonwealth of Pennsylvania, County of Lawrence Institution District, Commonwealth of Pennsylvania, Defendants.

Civ. A. No. 15769.

United States District Court
W. D. Pennsylvania.

June 25, 1958.

Hubert I. Tietelbaum, U. S. Atty., and Thomas J. Shannon, Asst. U. S. Atty., Pittsburgh, Pa., for United States.

William D. Cobau, Charles Dlugokenski, Robert White, and Robert E. Jamison, New Castle, Pa., for defendants.

GOURLEY, Chief Judge.

In the administration of the affairs of this court, the Clerk of Courts assigned this proceeding to the non-jury list of this member of the court.

The government seeks to have declared illegal and void and of no effect tax liens entered in favor of various municipalities, Commonwealth of Pennsylvania, which property was owned by the government and leased to United Engineering and Foundry Company when the real estate tax liens were entered of record as provided by law in the Commonwealth of Pennsylvania.

In the trial of the action it developed that a similar proceeding was filed in this court at Civil Action No. 13667, United States v. Hanlon, 165 F.Supp. 1, which was heard and adjudicated by my associate, the Honorable Joseph P. Willson, in which Judge Willson dismissed the proceeding without prejudice and entered judgment against the United States and in favor of the municipalities.

In the course of trial, the parties stipulated and agreed that all matter presented to Judge Willson should be incorporated as part of the record of this action, and additional stipulations were entered and documentary evidence was stipulated and agreed to.

It appears from a reading of the pleadings in Civil Action No. 13667, D.C., the government petitioned the court to declare illegal and void and of no effect the tax liens of the municipalities for the years 1954, 1955 and 1956. During the pendency of the trial, by congressional action the legality of the liens for the years 1955 and 1956 became moot so that the only remaining question for the determination of my associate related to the legality of the municipal tax liens for the year 1954.

In the action being considered by this member of the court, Civil Action No.

15769, the complaint seeks the same relief as presented to my associate, i. e., to declare that the municipal tax liens for the year 1954 are illegal and void and of no effect.

I had considered the legal issues raised and intended to file an adjudication. However, the United States Court of Appeals has ruled that in a multiple complement court one member of the court has no right or authority to adjudicate a legal issue which bears on the same question of law that has been considered by another member of the court under the same set of facts and circumstances. United States v. Wheeler, 3 Cir., 1958, 256 F.2d 745.

Although the civil action before this member of the court carries with it a different civil action number than the proceeding heard by my associate, it appears from a reading of the complaint filed by the government in each of said actions that the same legal question is posed, i. e., are the tax liens entered in favor of the municipalities in the Commonwealth of Pennsylvania illegal and void and of no effect for the year 1954.

Even if I reached the same conclusion as my associate based on the same or different reasons, no authority exists for me to determine and adjudicate the legal question posed in this action. United States v. Wheeler, supra.

The fact that the instant action is identified by a different civil action number does not, in my opinion, require a contrary conclusion since the identical legal question is presented to me that was presented to Judge Willson.

In view of the foregoing and solely on the basis of the directive of the United States Court of Appeals for the Third Circuit as to the practice to be followed in a multiple complement court, it is my considered judgment that no authority exists for this member of the court to determine the legal issue presented. In an effort to comply with the directive of the United States Court of Appeals for the Third Circuit, since no other member of the court has authority or power to resolve the legal issue, the determination and adjudication must be made by my learned associate.

An appropriate Order is entered.