Irmgard M. PRACK, Appellant,

v.

Sherman WEISSINGER, Appellee.

No. 8018.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 19, 1960.

Decided March 21, 1960.

Frank C. Maloney, III, Richmond, Va. (Allen, Allen, Allen & Allen, Richmond, Va., on brief), for appellant.

Edward R. Parker, Richmond, Va. (Richard L. Williams, and Bremner, Neal, Harris, Williams & Battle, Richmond, Va., on brief), for appellee.

Before SOBELOFF, Chief Judge, BOREMAN, Circuit Judge, and PAUL, District Judge.

BOREMAN, Circuit Judge.

This action arises out of an automobile accident which occurred in West Germany on June 30, 1956. The appellant, Irmgard M. Prack, a citizen, resident and subject of West Germany, was riding as a passenger in an automobile operated by the appellee, Sherman Weisinger.[1] It was alleged that the accident resulted from Weisinger's negligence in driving the automobile off the highway into a tree.

At the time of the accident, Weisinger was a resident of the State of Oregon and was stationed in West Germany as a captain in the United States Army. He remained in West Germany for over a year after the accident occurred, and during that period was amenable to personal service of process by the German Courts under the "Convention of the Rights and Obligations of Foreign Forces and Their Members in the Federal Republic of Germany". Although Miss Prack employed a German attorney shortly after the accident, she instituted no action against Weisinger in West Germany. Subsequently, Weisinger was transferred to a new duty post at Fort Lee, Virginia.

On December 27, 1957, Miss Prack instituted her first action against Weisinger in the United States District Court for the Eastern District of Virginia, Richmond Division, seeking damages of Fifty Thousand ($50,000) Dollars. Weisinger moved to dismiss under the doctrine of forum non conveniens and, in support of his motion, filed an affidavit stating, among other things, that he had executed a power of attorney authorizing Dr. Rudolf Ernst, a German attorney in Frankfurt, Germany, to act as his attorney for accepting German service of process from Prack.

District Judge Hutcheson, of the Richmond Division, heard oral argument on the Motion to Dismiss, and suggested that an additional agreement be made

---

1. We understand that "Weisinger" is the correct spelling of appellee's surname and that, in appellant's pleadings, the name was incorrectly spelled "Weisinger".

regarding future service of process and the Statute of Limitations. Accordingly, on August 11, 1958, Weisinger's liability insurance carrier, United Services Automobile Association, agreed to the acceptance of German service of process through Attorney Ernst in any action brought in Germany by Miss Prack arising out of the accident, provided such action was brought within one year from the date of agreement, and further agreed not to invoke the Statute of Limitations at least before August 12, 1959.

█ Following compliance with his suggestions, Judge Hutcheson, by opinion filed on October 30, 1958, found:

> "It is my conclusion that the motion of the defendant should be granted and the parties relegated to their respective rights and liabilities in the courts in Germany."

Accordingly, by order filed November 13, 1958, he directed that the action be dismissed, "without prejudice to institute the action *in any other appropriate court.*" (Emphasis supplied.) Such determination is consistent with the inherent power of federal courts to refuse jurisdiction of cases not within the purview of the provisions of 28 U.S.C.A. § 1404 (a)—cases which should have been brought in a foreign jurisdiction, rather than in the United States. Vanity Fair Mills v. T. Eaton Co., 2 Cir., 1956, 234 F.2d 633, 645; Wilson v. Kansas City Southern Ry., D.C.W.D.Mo.1951, 101 F. Supp. 56, 60; Latimer v. S/A Industrias Reunidas F. Matarazzo, D.C.S.D.N.Y. 1950, 91 F.Supp. 469, 470; De Sairigne v. Gould, D.C.S.D.N.Y.1949, 83 F.Supp. 270, 273. No appeal was taken from this order.

After Weisinger had been transferred from Fort Lee to Fort Belvoir, in Fairfax County, Virginia, and while the Richmond Division action was pending, on August 20, 1958, this present action was instituted by Miss Prack in the Circuit Court of Fairfax County, Virginia, in which plaintiff sought identical relief. This case was removed to the Alexandria Division of the United States District Court for the Eastern District of Virginia on the basis of diversity of citizenship. Weisinger once again moved to dismiss the action under the doctrine of forum non conveniens and, after the Richmond Division dismissal order became final, cited as a second reason for dismissal the conclusive nature of Judge Hutcheson's opinion and order. District Judge Bryan, at Alexandria, heard argument and concluded that he was bound by the decision of the Judge of the Richmond Division. He stated:

> "While the judgment in the former case may not, strictly, be res judicata, resolution there of the issue of forum non conveniens certainly bars relitigation of the very point between the same parties. As no appeal was taken from the Richmond judgment, that decision between them is final and unassailable. By that judgment the court intended that the parties 'be relegated to their respective rights and liabilities in the courts in Germany', to quote Judge Hutcheson. True, his order allowed institution of another action 'in any other appropriate court', but obviously only a court in Germany was considered 'appropriate'—certainly not another Virginia court."

However, to insure that Miss Prack would have further opportunity to bring an action in Germany, Judge Bryan ordered dismissal only upon proof of a proper appearance by Weisinger in such action, such appearance conditioned upon institution of the action within ninety days from the date of the order, March 20, 1959.

On April 16, 1959, Miss Prack instituted a new action in Fairfax County, Virginia, identical in every respect to that one removed to the Alexandria Division except that it sought damages of $9,999.99. Obviously, this was to prevent removal since the amount sued for was less than $10,000.00, the requisite jurisdictional amount. Weisinger there moved the state court to dismiss on the same grounds as raised in the Alexandria Division action, but that case is still pending.

On September 10, 1959, Weisinger's counsel presented his own affidavit notifying Judge Bryan of Miss Prack's failure to abide by the terms of his order dated March 20, 1959, and, after argument, Judge Bryan entered a final order, dated September 24, 1959, in which it was stated:

> "ORDERED that the complaint herein and this action be, and they are hereby, dismissed with prejudice to the reinstitution of this action, *or the prosecution of the cause of action set forth in said complaint, in any court, State or Federal*, within the United States of America." (Emphasis ours.)

Miss Prack appeals from the orders dated March 20, 1959, and September 24, 1959. She contends (1) that since the Alexandria Division was without jurisdiction in the case, the court was required by 28 U.S.C.A. § 1447(c), to remand the case to the state court rather than dismiss it with prejudice to reinstitution in any court in the United States, and (2) that the District Court's order barring reinstitution of the action in a state court clearly invaded the prerogative of the state court of Fairfax County to determine its own jurisdiction.

The pertinent statute, 28 U.S.C.A. § 1447(c), provides:

> "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case."

It is Miss Prack's further contention that since the Alexandria Division applied the doctrine of forum non conveniens, it, in effect, held that the case was improvidently removed, thus bringing it within the statute. To support her position, she relies primarily upon Murray v. Union Pac. R. Co., D.C.N.D. Ill.1948, 77 F.Supp. 219, 221.

In the Murray case, the plaintiffs, residents and citizens of California, brought an action against defendant, an interstate carrier incorporated under the laws of Utah, in the Illinios State court, for injuries arising out of a derailment in California. Defendant removed the case to the United States District Court for the Northern District of Illinois and moved to dismiss on the ground of forum non conveniens. The court said: "So far as this court is concerned, however, this is an inconvenient forum". It denied the motion to dismiss, based upon forum non conveniens, and remanded the case to the State court, assigning as reason for its action that the application of the doctrine of forum non conveniens makes the defendant's action, in removing the case from the state to the federal court for the sole purpose of pleading this doctrine, a nullity. In a separate opinion filed on motion to vacate the order of remand, 77 F.Supp. 613, 614, the court more specifically stated its position as follows:

> "If these suits had initially been filed in this court, and the defendant pleaded forum non conveniens, the result would have been the dismissal of the suits if the plea was well-taken. When suits are initially filed in a state court and removed here, I assume that the doctrine of forum non conveniens may also be applied. When it is applied, it is because the case was improperly removed, in the sense that this court finds that the case is not a proper one for the exercise of jurisdiction. * * * It follows that in this situation the case should be remanded to the state court, and hence that disposition was made of these cases."

We have difficulty in applying the reasoning of the court in the Murray case to the case here. We cannot agree that the defendant's action in removing from the state to the federal court only to plead the doctrine of forum non conveniens is a nullity; and neither can we agree that when the doctrine is applied, it is because

the case was improperly removed. In Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 841, 91 L.Ed. 1055, the court, after stating in effect that the application of the doctrine of forum non conveniens simply means that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of the statute, said this: "Indeed, *the doctrine of forum non conveniens can never apply if there is absence of jurisdiction or mistake of venue.*" (Emphasis supplied.)

■■ In view of the Gulf Oil Corp. v. Gilbert decision, we are of the opinion that a removed action to which a Federal District Court applies the doctrine of forum non conveniens need not be remanded, but may be dismissed. 28 U.S.C.A. § 1447(c) requires remand only when it appears that the case was removed *improvidently and without jurisdiction.* There is nothing to indicate that the case at bar was not properly removed or that the District Court had no jurisdiction; obviously diversity of citizenship and jurisdictional amount (required by 28 U.S.C.A. § 1332) were both present. There has been no issue raised as to venue under 28 U.S.C.A. § 1391(a), wherein it is provided that a civil action in which jurisdiction is founded only on diversity of citizenship may be brought in the judicial district where all plaintiffs or all defendants reside. Once the jurisdiction and venue were properly established, the District Court's action in applying the doctrine of forum non conveniens could not oust the court of jurisdiction within the contemplation of 28 U.S.C.A. § 1447 (c). All the cases to which we are cited by Miss Prack, except the Murray case, involve factual situations in which the court determined that there was no original removal jurisdiction. See American Fire & Cas. Co. v. Finn, 1951, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702; In re Mac-Neil Bros. Co., 1 Cir., 1958, 259 F.2d 386; Weeks v. Fidelity & Cas. Co., 5 Cir., 1955, 218 F.2d 503. Neither has our research disclosed any other case similar to the one at bar. Although the Murray decision discloses some factual

similarity to the case now before this court, for the reasons above stated we do not accept it here. Therefore, we hold that Judge Bryan properly gave effect to the Richmond Division memorandum and order of Judge Hutcheson and, in so doing, properly dismissed the action. Such determination is consistent with the rule that, in federal practice, judges of coordinate jurisdiction, sitting in cases involving identical legal questions under the same facts and circumstances, should not reconsider the decisions of each other, United States v. County of Lawrence, D.C.W.D.Pa.1958, 164 F.Supp. 542, 543, and is in accord also with the rule expressed in De Sairigne v. Gould, supra, that federal courts have the inherent power to refuse jurisdiction of cases which should have been brought in a foreign jurisdiction. For the latter proposition see also Vanity Fair Mills v. T. Eaton Co., supra; Wilson v. Kansas City Southern Ry., supra; Latimer v. S/A Industrias Reunidas F. Matarazzo, supra.

■ We are of the opinion that Miss Prack's second point of error is well taken. The general rule as to the power of a court to determine its own jurisdiction is stated in 21 C.J.S. Courts § 113 (1940), as follows:

"Every court has judicial power to hear and determine, or inquire into, the question of its own jurisdiction, both as to parties and as to subject matter, and to decide all questions, whether of law or fact, the decision of which is necessary to determine the question of jurisdiction. * * *"

See Stoll v. Gottlieb, 1938, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104; Fireman's Fund Ins. Co. v. Railway Express Agency, 6 Cir., 1958, 253 F.2d 780, 784; Hardy v. Bankers Life & Cas. Co., 7 Cir., 1956, 232 F.2d 205, 209; Hospoder v. United States, 3 Cir., 1953, 209 F.2d 427, 429; Taylor v. Hubbell, 9 Cir., 1951, 188 F.2d 106, 109; Sullivan v. State of Sao Paulo, 2 Cir., 1941, 122 F.2d 355, 358; Diesing v. Vaughn Wood Products, Inc., D.C.W.D.Va.1959, 175 F.Supp. 460, 461;

Myers v. Mutual Benefit Health & Acc. Ass'n, D.C.W.D.Va.1955, 130 F.Supp. 653, 655.

These authorities compel the conclusion that the District Court, Alexandria Division, by its order dated September 24, 1959, improperly invaded the prerogative of the state court of Fairfax County to determine its own jurisdiction in the last of the three cases instituted by Miss Prack, involving $9,999.99. Weisinger's contention that the District Court was not attempting to determine the state court's jurisdiction, but was merely giving effect to the doctrine of collateral estoppel by judgment, is without merit. While the District Court could, and actually did, in effect, apply the doctrine of collateral estoppel by judgment in determining its own jurisdiction, it is precluded from applying that or any other doctrine to determine the jurisdiction of the state court.

The final order of September 24, 1959, is modified accordingly and, as so modified, is affirmed. The case will be remanded to the District Court with direction to enter an order consistent with the views herein stated.

Affirmed in part, reversed in part and remanded.