Percival **SPENCER,** Plaintiff,

v.

**ALCOA STEAMSHIP COMPANY, Inc.,**
**Defendant.**

**Civ. A. No. 62 C 691.**

United States District Court
E. D. New York.
April 2, 1963.

Fink, Frank & Gerringer, New York City, Jacquin Frank and Herman B. Gerringer, New York City, of counsel, for plaintiff.

Haight, Gardner, Poor & Havens, New York City, J. Ward O'Neill and Francis X. Byrn, New York City, of counsel, for defendant.

ABRUZZO, District Judge.

The defendant moves this Court for an order pursuant to Rule 12(b) of the Federal Rules of Civil Procedure to dismiss the action for improper jurisdiction and *forum non conveniens.*

Plaintiff, a resident of Jamaica, West Indies, instituted this action against the defendant, a New York corporation, to recover damages for personal injuries sustained in Kingston, Jamaica, on June 28, 1960, aboard the S. S. ALCOA CAVALIER, a vessel owned and operated by the defendant.

Plaintiff sustained his injuries during a lunch hour. He had brought a box of lunch to his father who was working aboard the vessel. At the request of

the stevedore foreman he helped to move a pontoon. During the moving operations he was struck by the pontoon through the alleged faulty handling of the vessel's equipment and injured as a result of which his left leg had to be amputated.

The defendant contends, and this has been conceded by the plaintiff, that all of the witnesses in this action are residents of Jamaica. The defendant also contends that the plaintiff's hospitalization and medical treatment were afforded and obtained only in Jamaica; that plaintiff's vessel has not been in New York for over ten years and that the plaintiff's legal status and the status of the stevedore gang will have to be resolved according to Jamaica law. The defendant attacks the right of the plaintiff to stay in this Court, first, on the doctrine of *forum non conveniens* and, second, that this Court should utilize its discretion and decline jurisdiction.

Plaintiff's brief sets up the claim that because the defendant's time to answer was extended but not approved, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, this bars the defendant's motion (citing Orange Theatre Corp. v. Rayherstz Amusement Corp., 130 F.2d 185 (C.A.3d). This rule and the case cited are applicable only to venue and not jurisdiction or *forum non conveniens*.

Respecting the principle of *forum non conveniens*, such a motion is not required to be made before answer. See Nowotny v. Turner, 203 F.Supp. 802 (M.D.N.C.).

In Gulf Oil Corp. v. Gilbert, 330 U.S. 501, p. 504, 67 S.Ct. 839, p. 841, 91 L.Ed. 1055, it was said:

"Indeed, the doctrine of *forum non conveniens* can never apply if there is absence of jurisdiction or mistake of venue.

"This Court, in one form of words or another, has repeatedly recognized the existence of the power to decline jurisdiction in exceptional circumstances. As formulated by Mr. Justice Brandeis, the rule is:

"Obviously, the proposition that a court having jurisdiction must exercise it, is not universally true; else the admiralty court could never decline jurisdiction on the ground that the litigation is between foreigners. Nor is it true of courts administering other systems of our law. Courts of equity and of law also occasionally decline, in the interest of justice, to exercise jurisdiction, where the suit is between aliens or non-residents or where for kindred reasons the litigation can more appropriately be conducted in a foreign tribunal." Canada Malting Co., Ltd., v. Paterson Steamships, Ltd., 285 U.S. 413, 422–423, 52 S.Ct. 413, 76 L.Ed. 837.

Gulf Oil besides disposing of the plaintiff's procedural objection is also applicable to the defendant's application. That case originated in the United States District Court for the Southern District of New York (D.C., 62 F.Supp. 291). In said case the plaintiff, a resident of and owner of a warehouse in Lynchburg, Virginia, sued the defendant in the Southern District of New York, claiming that through the defendant's negligence in delivering gasoline at the warehouse it took fire and was destroyed together with most of its contents. The defendant, a Pennsylvania corporation authorized to do business in New York State and in Virginia, moved for an order dismissing the complaint "upon one or the other or both of the following grounds": (1) Improper venue and (2) that venue should not be assumed by the United States District Court for the Southern District of New York. Judge Leibell dismissed the complaint declaring that the Court refused jurisdiction of the action. He based his dismissal on the ground that if the action had been brought in a New York State court, that court, in the exercise of sound discretion could have declined jurisdiction. The Court of Appeals for the Second Circuit

reversed (153 F.2d 883). The Supreme Court reversed the Court of Appeals (330 U.S. 501, p. 507, 67 S.Ct. 839, p. 842, 91 L.Ed. 1055). It held:

> "The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute. * * * "

This latter holding was cited in De Sairigne v. Gould, 83 F.Supp. 270 (S.D. N.Y.). In said case the plaintiff alleged in his complaint that he was a citizen of France and a resident of New York. He sued in the Southern District of New York a citizen of the State of New York and of the United States who resided in France to recover on a check issued in France and payable to the plaintiff's order on an account of the defendant in the United States Trust Company of New York. The check was presented to the bank by plaintiff but payment was refused. A second cause of action was for work, labor and services performed at the defendant's special instance and request which included giving the defendant shelter, asylum, comfort and protection in the plaintiff's home and that defendant agreed to and did give plaintiff the check in discharge and payment of defendant's obligation to plaintiff. In dismissing the complaint on the ground of *forum non conveniens*, the Court held (p. 272 of 83 F.Supp.):

> "Under such circumstances, this court has the right to decline, and should decline, to entertain jurisdiction. An alien has no constitutional right to sue in our courts. Heine v. New York Life Ins. Co., 9 Cir., 50 F.2d 382, Affirming, D.C., 45 F.2d 426. Nor does even an American citizen have an absolute right, under all circumstances, to sue in an American court. U. S. Merchants' & Shippers' Ins. Co. v. A/S Den Norske Afrika Og Australie Line, 2 Cir., 65 F.2d 392. As Mr. Justice Holmes said in Cuba R. Co. v. Crosby, 222 U.S. 473, 480, 32 S.Ct. 132, 133, 56 L.Ed. 274, 38 L.R.A.,N.S., 40:

> "But it should be remembered that parties do not enter into civil relations in foreign jurisdictions in reliance upon our courts. They could not complain if our courts refused to meddle with their affairs, and remitted them to the place that established and would enforce their rights."

It also quoted the following from Gulf Oil v. Gilbert, supra (p. 272 of 83 F. Supp.):

> "The doctrine leaves much to the discretion of the court to which plaintiff resorts". 330 U.S. at page 508, 67 S.Ct. at page 843, 91 L.Ed. 1055.

> "There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." 330 U.S. at page 509, 67 S.Ct. at page 843, 91 L.Ed. 1055.

De Sairigne v. Gould was affirmed in open Court by the Court of Appeals, Second Circuit (177 F.2d 515).

In Vanity Fair Mills v. T. Eaton Co., 234 F.2d 633, p. 645 (C.A.2d), the Court said:

> "The doctrine of *forum non conveniens* is now firmly established in federal law. Koster v. Lumbermen's Mut. Casualty Co., 1947, 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067; Gulf Oil Corporation v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055. 28 U.S.C. § 1404(a) has, in effect, codified and replaced this doctrine whenever the more convenient tribunal is a United States district court where the action ' "might have been brought." ' Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 75 S.Ct. 544, 547, 99 L.Ed. 789. But the federal courts retain the inherent power to refuse jurisdiction of cases not within § 1404(a)—cases which should have been brought in a foreign jurisdiction, rather than in the

United States. DeSairigne v. Gould, 2 Cir., 1949, 177 F.2d 515, affirming D.C., 83 F.Supp. 270, certiorari denied, 339 U.S. 912, 70 S.Ct. 571, 94 L.Ed. 1338; Latimer v. S/A Industries Reunidas F. Matarazzo, D.C.S.D.N.Y.1950, 91 F.Supp. 469. \* \* \* "

The doctrine of *forum non conveniens* as decided in Vanity Fair, supra, was adopted in Prack v. Weissinger, 276 F.2d 446 (C.A.4th). In that case the plaintiff, a citizen, resident and subject of West Germany, was injured in West Germany while riding as a passenger in an automobile owned by the defendant, a captain in the United States Army and a resident of the State of Oregon. The defendant remained in West Germany for over a year after the accident and was amenable to service of process there. The plaintiff had retained a German attorney but instituted no action against the defendant until after he had been transferred to Fort Lee, Virginia, and then sued him in the United States District Court for the Eastern District of Virginia for damages sustained as a result of the accident. The action was dismissed for *forum non conveniens.*

Gulf Oil Corp. v. Gilbert, supra, also held (330 U.S. p. 508, 67 S.Ct. p. 843, 91 L.Ed. 1055) :

> "But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

And (330 U.S. pp. 509–510, 67 S.Ct. p. 843) :

> "Turning to the question whether this is one of those rather rare cases where the doctrine should be applied, we look first to the interests of the litigants.
>
> "The plaintiff himself is not a resident of New York, nor did any event connected with the case take place there, nor does any witness, with the possible exception of experts, live there. No one connected with that side of the case save counsel for the plaintiff resides there, \* \* \*. His affidavits and argument are devoted to controverting claims as to defendant's inconvenience rather than to showing that the present forum serves any convenience of his own, with one exception."

The same facts quoted in the paragraph directly above are applicable here. Gulf Oil further held that a transfer for forum non conveniens was a matter for the district court to decide in the exercise of a sound discretion (330 U.S. p. 511, 67 S.Ct. p. 844, 91 L.Ed. 1055). It then said (330 U.S. pp. 511–512, 67 S.Ct. p. 844, 91 L.Ed. 1055) :

> The court likewise could well have concluded that the task of the trial court would be simplified by trial in Virginia. If trial was in a state court, it could apply its own law to events occurring there. If in federal court by reason of diversity of citizenship, the court would apply the law of its own state in which it is likely to be experienced. The course of adjudication in New York federal court might be beset with conflict of laws problems all avoided if the case is litigated in Virginia where it arose.
>
> "We are convinced that the District Court did not exceed its powers or the bounds of its discretion in dismissing plaintiff's complaint and remitting him to the courts of his own community. \* \* \* "

■ The steamship company in this jurisdiction would have no way of litigating its claim against the stevedore whose foreman requested the plaintiff's help in moving the pontoon. Whether the steamship company is responsible in damages to the plaintiff, or the stevedore, might become a very important question which can only be litigated in Jamaica.

For the above reasons this Court declines jurisdiction and an order may be entered within five days on two days' notice.