334 F.Supp. 1141 (1971)
James HARRISON, Plaintiff,
v.
CAPIVARY, INC., Defendant.
No. S 71 C 34.
United States District Court, E. D. Missouri, Southeastern Division.
November 3, 1971.
A. J. Seier, Seier & Pierce, Cape Girardeau, Mo., for plaintiff.
James E. Reeves, Ward & Reeves, Caruthersville, Mo., for defendant.

MEMORANDUM
MEREDITH, Chief Judge.
This matter is before the Court on defendant's motion to dismiss and to quash service of process on grounds of lack of jurisdiction, and a motion in the alternative to dismiss because of forum non-conveniens. Defendant has submitted an affidavit with the first motion, and an affidavit and exhibits with the second.
This action is a diversity suit to recover $17,519.12 for various services plaintiff performed for the defendant in his capacity as defendant's vice-president and as a manager of a coffee plantation in Paraguay, South America.
*1142 The affidavit of J. R. Hutchison, Jr., president of defendant corporation, dated October 28, 1971, reveals the following facts. The defendant corporation was organized under the laws of Panama, and has its principal place of business in Paraguay, South America.
The cause of action complained of in the complaint arose out of the performance of plaintiff's duties as a manager in Paraguay, and involves the right of set-off by defendant for funds advanced in Paraguay at plaintiff's request and loaned to him by defendant to defray the legal expenses and other costs of the defense of a murder charge against plaintiff. Of the twenty-four persons defendant lists as having relevant knowledge of the lawsuit and its defense, all reside in Paraguay with the exception of three.
With regard to defendant's motion to dismiss because of forum non-conveniens, if a federal district court finds that a foreign court is a more convenient forum, it may apply the traditional rules of forum non-conveniens and dismiss the action. The statutory codification of the doctrine, 28 U.S.C. 1404(a), permitting transfer of actions properly brought in another district, did not diminish the power of the federal courts to dismiss cases that should have been brought in foreign forums. Prack v. Weissinger, 276 F.2d 446 (4th Cir. 1960); Vanity Fair Mills v. T. Eaton Co., 234 F.2d 633 (2nd Cir. 1956), cert. den. 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956), reh. den. 352 U.S. 913, 77 S. Ct. 144, 1 L.Ed.2d 120 (1956); Fiorenza v. United States Steel International, Ltd., 311 F.Supp. 117 (D.C.N.Y.1969); Moore's Federal Practice, 2nd Ed., Vol. 1, 1788. As stated by Judge Waterman in Vanity Fair Mills v. T. Eaton Co., 234 F.2d at 645:
"The doctrine of forum non conveniens is now firmly established in federal law. Koster v. Lumbermen's Mut. Casualty Co., 1947, 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067; Gulf Oil Corporation v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055. 28 U.S.C. § 1404(a) has, in effect, codified and replaced this doctrine whenever the more convenient tribunal is a United States district court where the action `"might have been brought."' Norwood v. Kirkpatrick, 1955, 349 U. S. 29, 75 S.Ct. 544, 547, 99 L.Ed. 789. But the federal courts retain the inherent power to refuse jurisdiction of cases not within § 1404(a)cases which should have been brought in a foreign jurisdiction, rather than in the United States. DeSairigne v. Gould, 2 Cir., 1949, 177 F.2d 515, affirming D.C., 83 F.Supp. 270, certiorari denied 339 U.S. 912, 70 S.Ct. 571, 94 L.Ed. 1338; Latimer v. S/A Industrias Reunidas F. Matarazzo, D.C.S.D. N.Y.1950, 91 F.Supp. 469."
Whether jurisdicton should be declined is determined by weighing various considerations, but the plaintiff's choice of forum will not be disturbed unless the balance is strongly in favor of the defendant. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Vanity Fair Mills v. T. Eaton Co., supra; Fiorenza v. United States Steel International, Ltd., supra.
In the instant case, the balance is clearly in favor of the defendant. As evidenced by defendant's affidavit, the defendant corporation would be put to great expense and undue hardship if it were required to defend this lawsuit in this forum. Substantially all of the material witnesses, and the court records pertaining to the murder charge against plaintiff, are located in Paraguay, South America, well beyond the reach of process of this Court. Furthermore, requiring these witnesses to travel from South America for the attendance of a trial in this action would entail a great expense and substantial loss of time to the witnesses. Moreover, it appears that plaintiff could have and should have brought this suit in South America. Therefore, assuming for purposes of this motion, that this Court has jurisdiction, it is the opinion of this Court that for the convenience of the parties, and in the interest of justice, defendant's motion to dismiss *1143 plaintiff's complaint on the ground of forum non-conveniens should be granted. Thus, plaintiff's complaint will be dismissed without prejudice in order to allow plaintiff to initiate his suit in South America. In light of the above, it is unnecessary for this Court to decide defendant's alternative motion.