**ALLIANZ VERSICHERUNGS–AKTIEN-GESELLSCHAFT, Munich Reinsurance Company (United States Branch of) Munchener Ruckversicherungsges., Plaintiffs,**

v.

**S. S. ESKISEHIR, her engines, boilers, etc.; D. B. Deniz Nakliyati T. A. S. (D. B. Turkish Cargo Lines), Defendant.**

**No. 70–Civ. 4469.**

United States District Court,
S. D. New York.

Nov. 9, 1971.

Hill, Rivkins, Warburton, McGowan & Carey, New York City, for plaintiffs by Caspar F. Ewig, New York City, of counsel.

Hill, Betts & Nash, New York City, for defendant by Donald B. Allen, New York City, of counsel.

## MEMORANDUM

CROAKE, District Judge.

This is an action to recover $1,200,000 for damage to cargo carried from Germany to Turkey on the ship SS ESKI-SEHIR, and allegedly caused by a fire during discharge at the port of Hopa, in or around Istambul, Turkey. Plaintiffs are West German Corporations[1] the primary insurers and reinsurers who, having paid the German shipper's claims, are now subrogated to its rights against the defendant, a common carrier of goods by Turkish flag vessels, including the ESKISEHIR.

Personal jurisdiction over the defendant was apparently obtained by service of the complaint on its New York office; there is no in rem jurisdiction, for while defendant's vessels do occasionally call at United States ports, none has been libeled. The ESKISEHIR, in any event, is engaged exclusively in European waters.

This action, brought under the admiralty and maritime jurisdiction of this Court, is therefore one between foreign nationals. It involves an occurrence totally unconnected with this country. Accordingly, defendant has moved for dismissal of the action on the ground of *forum non conveniens*.

It is not disputed that the decision of whether or not to decline jurisdiction in these circumstances rests in the Court's sound discretion. Likewise, the principal factors influencing that decision are so well established that listing herein is unnecessary. *See, e. g.*, Sherkat Tazamoni Auto Internash v. Hellenic Lines, Ltd., 277 F.Supp. 462, 463 (S.D.N.Y. 1967), and cases therein cited; Mobil Tankers Co. v. Mene Grande Oil Co., 363 F.2d 611, 613 (3rd Cir. 1966), cert. denied, 385 U.S. 945, 87 S.Ct. 318, 17 L. Ed.2d 225 (1966). What is to be done, then, is to analyze the relevant facts in light of the applicable principles.

In this regard, defendant has demonstrated that the convenience of witnesses and parties favors a European forum;[2] that there is better access to sources of proof on that continent; that the cost of bringing the proof to a European court would be less than to an American court; and that there are no United States contacts in this case sufficient by themselves to induce this Court to expend American taxpayers' funds for the provision of the necessary facilities for a trial of the action here. There has been no pre-trial discovery in this action. Finally, plaintiffs have protected themselves by instituting, but not prosecuting an action in Turkey.

Plaintiffs, on the other hand, insist that the interest of justice requires that the action not be dismissed, since, plaintiffs argue, there is no other forum

---

1. One of the plaintiffs is the "United States Branch" of a German insurance corporation; the reason for its choice as a party plaintiff is not made apparent. Defendant is not alleged to have had any contacts with it.

2. On the assumption that the Turkish court would be located in Istambul. The situation would not be significantly different, however, were that court to be located in Asia Minor.

which would be capable of hearing the controversy in its entirety and, on reaching a conclusion, of fashioning an adequate remedy. This argument, it should be noted, is not that the United States is the only "neutral forum"; there has been no intimation that either the German or Turkish courts would be anything less than impartial. Rather, it is that no court in Germany or Turkey possesses jurisdiction to hear this controversy between a German and a Turk, and furthermore that any judgment which the Turkish court might give the plaintiffs would be illusory, since it would be payable in blocked funds.

Plaintiffs' argument is as follows: They assert that a condition appearing on the bill of lading involved herein provided for exclusive jurisdiction in the Turkish courts. It is then claimed that such a condition would be automatically enforced in West Germany; an expert opinion furnished by counsel states the German position as unquestioning enforcement of both prorogatory and derogatory clauses, such as the one in the bill of lading, even when extrinsic evidence demonstrates that they were part of adhesion contracts,[3] and even as to torts claimed to have arisen during performance of the contract. Plaintiffs conclude from this that West German courts would refuse to hear any action brought in Germany to resolve this dispute. Defendant takes no position on the accuracy of this statement of German law; this Court will therefore assume its accuracy, for purposes of this motion only.

With regard to jurisdiction in Turkey, plaintiffs contend, without citation of authority, that the Commercial Court in Turkey, the forum which would be vested with exclusive jurisdiction over the action were it brought in that country, is statutorily prohibited from hearing any tort action such as is involved here, but may only decide contractual causes of action. Plaintiffs also contend that any money judgment which that court could render would be essentially worthless, since it would be payable in funds which could not be withdrawn from Turkey. Plaintiffs have appended to their papers a translation of the Turkish currency blocking statutes.

Defendant vigorously disputes any allegation that the Turkish court cannot fairly and adequately hear this case and fashion an appropriate remedy; it evidently recognizes that this question may well be determinative of the motion. See The Belgenland, 114 U.S. 355, 368–369, 5 S.Ct. 860, 29 L.Ed. 152 (1885), quoted in Galban Lobo Trading Co. v. Canadian Leader, Ltd., 1963 AMC 988 (S.D.N.Y.1958). Accordingly, expert analysis and opinion supporting defendant's point of view has been furnished to the Court. Plaintiffs on the other hand, have furnished no expert rebuttal of defendant's expert.

The Court finds that defendant has made a prima facie showing that the Turkish Commercial Court would in fact be able to justly hear this controversy. However, this is actually an issue "concerning the law of a foreign country" under Rule 44.1, Fed.R.Civ.P., and the record is inadequate for a final determination of this question, in light of the potential drastic consequences to the course of the action.

Therefore, the Court further finds that the United States is a most inconvenient forum for the trial of this action; it will be dismissed, on the following conditions: (1) That defendant waive any defense of time bar or laches, if the Turkish action is resumed (as defendant has indicated it will do), and (2) that plaintiffs have thirty days from the filing of this memorandum to reopen the issue of the nature of relevant Turkish law, upon proper proof of that law under Rule 44.1.

So ordered.

---

3. The position which this Court would take with respect to enforcement of such clauses is not an issue on this motion.