SNAM PROGETTI S.P.A. and Bahamas
Oil Refining Co., Plaintiffs,

v.

LAURO LINES et al., and the M.V.
POMONA, Defendants.

No. 74 Civ. 241.

United States District Court,
S. D. New York.

Dec. 24, 1974.

David P. Dawson, New York City, for plaintiffs.

Dennis P. Costigan, Cichanowicz & Callan, New York City, for defendants.

## OPINION

PIERCE, District Judge.

The defendant Achille Lauro [Lauro] doing business under the trade names Lauro Lines and Flotta Lauro, has moved for dismissal of this action on the ground of *forum non conveniens*. The threshold question is whether, as plaintiff maintains, defendant has waived the right to make such a motion.

The complaint in this action was filed January 15, 1974. Defendant answered February 26, 1974. Defendant did not file the instant motion until June 21, 1974. Plaintiff argues that because Rule 12(h), Fed.R.Civ.P. provides that under these circumstances a party has waived the right to make a motion to dismiss for improper venue, defendant must be found to have waived the right to move to dismiss for *forum non conveniens*. The Court declines to accept the argument that the waiver provisions of Rule 12(h) must govern such a motion.

The only judicial authority suggested by the parties or identified by the Court which directly addresses the question of when a defense of *forum non conveniens*

will be deemed to have been waived states that a motion to dismiss on this ground may be addressed to the discretion of the court at any time. See Spencer v. Alcoa Steamship Co., 221 F.Supp. 343 (E.D.N.Y.), aff'd 324 F.2d 957 (2d Cir. 1963) (per curiam); Fifth & Walnut v. Loew's Inc., 76 F.Supp. 64 (S.D.N.Y.1964).

Altman v. Liberty Equities Corp., 322 F.Supp. 377 (S.D.N.Y.1971) is not authority to the contrary. In that decision, the Court held only that the failure of a party to raise a venue objection in the context of a motion to transfer under 28 U.S.C. § 1404(a) constitutes waiver of that particular objection. In doing so, Judge Tyler specifically eschewed reliance on Rules 12 (g) and (h). Rather, he found it was "the logical inseparability of a section 1404 motion for change of venue and a Rule 12(b) dismissal motion for improper venue that mandates that they be litigated contemporaneously." *Id.* at 379.

■ Even apart from this authority, there are sound logical reasons for not requiring a *forum non conveniens* motion to be made within the limited time period allowed for a defendant to file an answer or to move to amend his answer as a matter of right under Rule 15(a), Fed.R.Civ.P. (20 days after service). This time is certainly adequate to check the venue statutes and determine whether they have been met. However, the factors of equity and convenience, such as the location of important witnesses and evidence, which control a *forum non conveniens* motion may not be apparent without time-consuming investigation and, frequently, discovery. Finally, the Court notes that plaintiff will suffer no identifiable prejudice by virtue of a decision on this motion now rather than at an earlier time during the course of this litigation.

■ Having determined that defendant's motion is properly before the Court, the merits must be considered. A motion to dismiss for *forum non conveniens* is addressed to the discretion of the Court and seeks a dismissal on the grounds that another forum exists which is so much more convenient that the plaintiff's privilege of choosing his forum is outweighed. See C. Wright, Law of Federal Courts, 2d ed. at 164–65. When presented with cargo damage actions involving no significant contact with the United States, federal courts have not hesitated to dismiss under the doctrine of *forum non conveniens*. See Transomnia G.m.b.H. v. M. S. Toryu. 311 F.Supp. 751 (S.D.N.Y.1970); Sherkat Tazamoni Auto Internash v. Hellenic Lines, Ltd., 277 F.Supp. 462 (S.D.N.Y. 1967).

This action concerns shipments that were transported from Italy and France to Freeport, Grand Bahamas on the Italian vessel M.V. Pomona. The plaintiffs are an Italian corporation based in Milan, which was the shipper in each instance, and a Bahamian corporation, which was the consignee (notify party). Defendant Lauro resides and conducts his business in Italy.

Neither plaintiffs nor defendants have offices or places of business in the Southern District of New York. The shipments involved in this action never passed through New York. The bills of lading forming the contract of carriage between plaintiffs and defendants contain clauses providing for litigation exclusively in Italian law courts in Naples and under Italian law. Jurisdiction in this district was obtained by serving an independent steamship agency in New York City which has acted as defendants' agent at New York on other occasions.

■ Under the circumstances of this case, where there are only the barest of contacts with this jurisdiction, where both the parties and the transaction are substantially connected with another jurisdiction (Italy), and where the parties agreed in advance to litigate their disputes in Italy under Italian law, this Court, in the exercise of its discretion, determines that the doctrine of *forum*

**324**

*non conveniens* should be applied to this action.

Defendant's motion to dismiss this case on the ground of *forum non conveniens* is hereby granted without prejudice to the commencement of a similar suit in another jurisdiction and on condition that defendant waive any time bar defense not presently available to it in the present action.

Submit order.

So ordered.