**CONSTRUCTORA ORDAZ, N. V.,**
**Plaintiff,**

v.

**ORINOCO MINING COMPANY,**
**Defendant.**

**Civ. A. No. 3156.**

United States District Court
D. Delaware.

Dec. 29, 1966.

Arthur F. DiSabatino, of Killoran & Van Brunt, Wilmington, Del., for plaintiff. John L. Ingoldsby, Jr., and John P. Higgins, Washington, D. C., of counsel.

James M. Tunnell, Jr., and Walter K. Stapleton, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendant.

OPINION

LAYTON, District Judge.

This is a diversity action arising out of a contract under which the plaintiff,

Constructora Ordaz N.V., a Netherlands Antilles corporation ("Conordaz") obligated itself to deliver pre-stressed concrete railroad cross-ties in Venezuela to the defendant, Orinoco Mining Company, a Delaware corporation ("Orinoco"). The jurisdiction of this Court is not disputed.

The defendant has filed the instant motion, to dismiss the action on grounds of forum non conveniens.

In brief, the defendant urges that Delaware is an inconvenient forum because the contract was to be performed in Venezuela, Venezuelan substantive law applies and its entire operation is located in Venezuela, defendant's only source of contact with Delaware being the fact of its incorporation here. Defendant contends that a more convenient forum is in Venezuela, whose courts also have jurisdiction over the parties and the controversies herein.

In opposition, the plaintiff argues that Delaware is the more convenient forum. It maintains that since all of plaintiff's witnesses reside in the United States, all expert witnesses reside in the United States, all testimony and all documents will be in the English language (and therefore would need translation into Spanish should the action be tried in Venezuela), on balance, the conveniences favor it. Plaintiff also argues that it would get a fairer trial in the United States. Finally, a dismissal here, alleges plaintiff, will effectively foreclose plaintiff from bringing this action at all anywhere, since it does not have the resources to finance this action in Venezuela, the only other place in the world possessing jurisdiction.

■ Problems of forum non conveniens are not always of easy solution. A recent Third Circuit case has set down some guidelines indicating which of the many considerations[1] in this kind of problem should be given the most weight. Mobil Tankers Company v. Mene Grande Oil Company, 363 F.2d 611 (3d Cir. 1966). Unless the balance of these considerations "is strongly in favor of the defendant, plaintiff's choice of forum should rarely be disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).

In *Mobil Tankers*, the plaintiff was a Panamanian corporation, and a wholly owned subsidiary of Socony Mobil Oil Company, a New York corporation. The defendant was a Delaware corporation, a wholly owned subsidiary of Gulf Oil. The explosion and fire which brought rise to the action occurred in Venezuela. This Court entered judgment for the defendant, dismissing the suit on grounds of forum non conveniens, holding that trial of the action in Delaware would result in "very strong inconvenience to the respondent, amounting almost to injustice". Mobil Tankers Company v. Mene Grande Oil Company, 236 F.Supp. 362, 368 (D.Del.1965).

The Third Circuit reversed. In its opinion, the appeals court stated that the question of relative conveniences should not be the controlling factor. The Court said:

"The issue of convenience aside, the more important question is whether the relinquishment of jurisdiction would best serve the ends of justice. * * *" 363 F.2d at 614.

Reviewing the facts there, the Court continued:

"* * * [T]he relinquishment of jurisdiction could result in serious detriment to Mobil's and Socony's causes of action. It would relegate the libellants to a foreign forum in which the procedural remedies are far less conducive to the fair administration

---

1. Among these considerations are "[plaintiff's] choice of forum; status of the parties; convenience of parties and witnesses; access to sources of proof; cost of obtaining the attendance of willing witnesses; possibilities of a view of the premises, if appropriate; relative advantages and obstacles to a fair trial; and, possible difficulty in the application of foreign law. * * *" Mobil Tankers Company v. Mene Grande Oil Company, 363 F.2d 611, 613.

of justice than those available under our admiralty rules. The mode of trial, the lack of adequate pre-trial procedures, and the limitation on the manner in which expert testimony may be offered do not comport with our concepts of fairness." 363 F.2d at 614.

The fact that in *Mobil Tankers*, there was a negligence cause of action brought on the admiralty side of the court, and here there is a civil contract action, does not change the considerations. However, Orinoco attempts to distinguish this case from Mobil Tankers in another way. It argues that in *Mobil Tankers,* the plaintiff was a United States citizen, and here it is not. It points out that the Third Circuit was quite clear that the fact that Socony, an American corporation, had intervened and had become a party plaintiff, brought into play a set of considerations entirely different from those applicable to a case with a foreign plaintiff:

> "Although Socony's intervention was somewhat belated it had a real interest in the suit from the beginning, both as the corporate parent of Mobil and the owner of the cargo. This interest, which the lower court regarded as minimal and of no significance, was sufficient to bring 'into force considerations very different from those in suits between foreigners' \* \* \* [citations omitted]." 363 F.2d at 614.

In this case, defendant argues that since the only party plaintiff in this action is a foreign corporation, American standards of fairness and justice should not be determinative. However, the factual situation here is closely analogous to that in *Mobil Tankers*. There, the foreign plaintiff had been incorporated by an American corporation. Here the foreign plaintiff was chartered by an American individual. It would be anomalous to permit American corporate citizens the right to incorporate its subsidiaries in foreign countries and be free to invoke American justice, and not permit the same of American individual citizens. The defendants in both this and the *Mobil Tanker* case are Delaware subsidiaries of large American corporations. It would appear, therefore, that American standards of fairness and justice would apply as much in this case as they did in *Mobil Tankers*.

■ The question, then, is whether the ends of justice will best be served by dismissing the instant action. The prejudice resulting to the plaintiff if the suit is dismissed must be weighed against the prejudice to the defendant if this Court retains jurisdiction. See *Mobil Tankers,* supra, at 614.

■ With this in mind, after carefully considering all factors involved, this Court finds that the ends of justice are best served by its retaining jurisdiction over the action filed here. In the first place, it is undenied that contingent fee contracts between attorneys and clients are forbidden in Venezuela, and because litigation in that country is both slow and expensive, the plaintiff here, not a wealthy corporation, is without the resources effectively to prosecute this suit there against a financially powerful adversary such as defendant; whereas, in this country he can proceed, and, in fact, is proceeding upon a contingent fee arrangement. In addition, pretrial procedures and subpoena procedures would appear superior in this Court to those found in Venezuela. Also, litigation in this Court will obviate the need for the translation into Spanish of *every* document and *every* bit of testimony. Finally, the Court finds that the balance of convenience favors the plaintiff. While it is true that defendant's operations may be somewhat disrupted by having to send its witnesses from Venezuela to Delaware, the resulting prejudice is clearly smaller in scope than that which would result to the plaintiff if this Court granted dismissal.

Defendant's motion to dismiss is denied.