Augustino FIORENZA, Plaintiff,

v.

UNITED STATES STEEL INTERNATIONAL, LTD., a Delaware corporation, and United States Steel International (New York), Inc., a New Jersey corporation, Defendants.

No. 69-Civ. 3359.

United States District Court,
S. D. New York.

Dec. 17, 1969.

Sams, Anderson, Alper & Spencer, Miami, Fla., Kramer & Dillof, New York City, by Henry H. Dillof, New York City, of counsel, for plaintiff.

Willkie, Farr & Gallagher, New York City, by Lewis A. Craco, New York City, of counsel, for defendants.

CROAKE, District Judge.

## MEMORANDUM

This is a motion that presents some extremely interesting questions as to the scope of the doctrine of *forum non conveniens* in a situation where plaintiff, alleging a foreign-based tort, is a noncitizen and non-resident of the United States suing a corporation that has its principal place of business within this jurisdiction. Plaintiff, Augustino Fiorenza, is a citizen of Italy and a resident of the Grand Bahama Island. The defendant, United States Steel International, Ltd. (hereinafter referred to as "Limited"), is a Delaware corporation with its principal place of business in New York and is doing business in the Bahamas.*

Plaintiff's asserted claim for relief is based on injuries he allegedly sustained

---

* United States Steel International (New York), Inc., a New Jersey corporation, was also made a defendant by plaintiff. However, at the oral argument before the undersigned on November 25, 1969, plaintiff consented to the motion of that defendant, made pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure, that plaintiff's claims against it be dismissed for failure to state a claim upon which relief can be granted. Plaintiff also did not submit papers in opposition to the Rule 12(b) (6) motion of that defendant. Accordingly, said motion is granted by consent and United States Steel (New York), Inc. is. no longer a defendant in this action.

on March 8, 1967, while working for defendant, Limited, on Grand Bahama Island. Plaintiff allegedly sustained serious injuries when a steel tank on which he was working exploded as the result of the negligence of defendant, Limited.

. The procedural history of this case has been somewhat involved. Plaintiff first brought suit in the United States District Court for the Southern District of Florida against Limited and United States Steel International (New York), Inc. Said defendants moved to quash service of process and to dismiss the complaint in that court on jurisdictional grounds. The motion was granted on February 14, 1968 by the Hon. Ted Cabot. Thereafter, plaintiff brought suit against United States Steel Corp. in that same Court. That defendant's motion for summary judgment was granted on May 29, 1969 by Judge Cabot.

Subsequently, on July 31, 1969, plaintiff initiated the instant action in this Court. As indicated *supra*, Limited is the sole remaining defendant in this action.

Defendant Limited now moves, citing Rule 12(b) (3) of the Federal Rules of Civil Procedure, that this Court dismiss plaintiff's complaint on the ground of *forum non conveniens*. This motion came on before the undersigned on November 25, 1969, and decision was reserved.

We have examined defendant's motion papers and the supporting affidavits of Louis A. Craco, counsel for defendant, and of William W. Sywak, Secretary of defendant Limited, and have likewise examined plaintiff's opposing papers and the accompanying affidavits of plaintiff, of Arthur Stark, Esq., counsel familiar with the facts of the case, of A. J. Barranco, Jr., Esq., counsel for plaintiff, and of Anthony Ricketts, Esq., partner in the law firm of Higgs and Johnson, Nassau, Bahamas.

The principle of *forum non conveniens* is simply that a court may resist the imposition upon it of jurisdiction under certain circumstances even when it clearly has jurisdiction and venue is otherwise proper. *See, e. g.,* Gulf Oil Corporation v. Gilbert, 230 U.S. 501, 507, 67 S.Ct. 839, 91 L.Ed. 1055 (1946).

This Court first notes that the doctrine of *forum non conveniens* is a procedural one governed by federal rather than state law. Willis v. Weil Pump Co., 222 F.2d 261 (2d Cir. 1955); Ciprari v. Servicos Aereos Cruzeiro do Sul, S.A., 232 F.Supp. 433 (S.D.N.Y.1964); Shulman v. Compagnie Generale Transatlantique, 152 F.Supp. 833 (S.D.N.Y. 1957); Ultra Sucro Co. v. Illinois Water Treatment Co., 146 F.Supp. 393 (S.D.N.Y.1956).

The relevant factors for determining whether the doctrine of *forum non conveniens* is applicable have been enunciated and discussed by the Supreme Court, as follows:

" * * * The doctrine leaves much to the discretion of the court to which plaintiff resorts * * *.

If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. *The court will weigh relative advantages and obstacles to fair trial.* It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble *not necessary to his right to pursue his remedy.* But unless the balance is strongly

in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." (Emphasis added; footnotes omitted.) Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1946).

■ The latter landmark case declaring the inherent power of the federal courts to decline to exercise jurisdiction in appropriate cases was decided two years before the statutory codification of the doctrine of *forum non conveniens* in 28 U.S.C., sec. 1404(a). That codification, permitting transfer of actions properly brought to another district, did not, however, diminish the power of federal courts, recognized in *Gilbert*, to dismiss cases improvidently brought in a United States Court, *e. g.*, cases that should have been brought in a foreign forum. Vanity Fair Mills, Inc. v. T. Eaton Co., 234 F.2d 633 (2d Cir.), cert. denied, 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed. 2d 76, rehearing denied, 352 U.S. 913, 77 S.Ct. 144, 1 L.Ed.2d 120 (1956). The principles and criteria articulated in *Gilbert* have continuing validity in cases, like the instant one, where the question of the applicability of the doctrine of *forum non conveniens* is raised and transfer to the appropriate forum under 28 U.S.C., sec. 1404(a), is not possible.

■ In support of its motion to dismiss on the basis of *forum non conveniens*, defendant maintains that the Bahamas is the natural and most convenient forum for plaintiff's action, since the parties, the witnesses, and the evidence are all there, and Bahamian law is applicable. Defendant further cites De Sairigne v. Gould, 83 F.Supp. 270 (S.D.N.Y.), aff'd, 177 F.2d 515 (2d Cir. 1949), cert. denied, 339 U.S. 912, 70 S.Ct. 571, 94 L.Ed. 1338 (1950), maintaining that in the instant case, as in that case, the plaintiff is in effect forum shopping so as to harass and oppress defendant.

In opposition to defendant's motion to dismiss, plaintiff asserts, as the primary factor for the Court's consideration, that he is unable to bring his action in the Bahamas, the forum proposed by defend-ant, and that, accordingly, the proper jurisdictional bases being present in this forum, a dismissal on the basis of *forum non conveniens* would be inappropriate.

Specifically, plaintiff maintains that he is impecunious and has no source of income, that he has been unable to work since the accident and that, as a result, he and his family depend upon his brother, with whom they live, for support. (Plaintiff's Exhibit 4, Affidavit of Plaintiff.) Consequently, plaintiff argues, he will be unable to bring this action in the Bahamas, if it is dismissed in this Court. The asserted reason for this is that the contingent fee system for handling tort claims is unlawful in the Bahamas, and a prospective client must pre-pay a retainer and advance costs in order for his case to be accepted by a Bahamian law firm. According to the affidavit of Anthony Ricketts, Esq., a partner in the Bahamian law firm of Higgs and Johnson, his law firm would require a retainer from the plaintiff in the amount of from $5,000 to $10,000 to bring the instant action in the Bahamas. (Plaintiff's Exhibit 7.)

Moreover, even aside from these factors relating to his indigence, plaintiff asserts that there is no absolute certainty that he would be able to bring his lawsuit in the Bahamas. Even though Limited has agreed to submit to the jurisdiction of the Bahamian courts, plaintiff has no assurance that said courts would accept jurisdiction of a claim of a non-citizen suing a foreign corporation. In addition, plaintiff indicates that his entry permit is soon to expire, and that he faces the possibility of being deported to Italy. (Plaintiff's Exhibit 5, Affidavit of Arthur Stark, Esq.) This presents the question of whether plaintiff would be permitted to remain or to reenter the Bahamian Islands for the purpose of carrying on his lawsuit against defendant.

This Court finds the foregoing arguments of plaintiff as to the possible unavailability of a forum in the Bahamas convincing. In neither *De Sairigne* nor Fitzgerald v. Westland Marine Corp.,

369 F.2d 499 (2d Cir. 1966), relied on by defendant, was there presented the question presented in this case, of the weight to be accorded the prospective unavailability of the alternate forum proposed by defendant. We find this new factor in the equation to be most significant. Admittedly, in the instant case, there are many factors of convenience that weigh strongly in defendant's favor. The witnesses and the evidence are primarily in the Bahamas, where the accident occurred, and Bahamian law is presumably applicable. There is also the matter, of which we are acutely aware, of the overburdened calendars in this Court. We have given these factors substantial weight. However, we are mindful of the overriding principle, articulated in *Gilbert*, that plaintiff's choice of forum is not to be disturbed unless the balance of convenience lies heavily with the defendant. We find that the factor of the prospective unavailability of the alternate forum in the Bahamas outweighs the above factors relied on by defendant. The Supreme Court clearly indicated in *Gilbert* that the doctrine of *forum non conveniens* presupposes the existence of the alternate forum in which suit can be brought. 330 U.S. at 506–507, 67 S.Ct. at 842. When that alternate forum is not truly available for any reason, as in the instant case, the doctrine of *forum non conveniens* will not be applied to dismiss the action. Rodriguez v. Pan American Life Ins. Co., 311 F.2d 429 (5th Cir. 1962), vacated on other grounds, Menèndez Rodriguez v. Pan American Life Ins. Co., 376 U.S. 779, 84 S.Ct. 1130, 12 L.Ed.2d 82 (1964); North Branch Products, Inc. v. Fisher, 109 U.S.App.D.C. 182, 284 F.2d 611 (D. C. Cir. 1960), cert. denied, 365 U.S. 827, 81 S.Ct. 713, 5 L.Ed.2d 705 (1961); Constructora Ordaz, N.V. v. Orinoco Min. Co., 262 F.Supp. 90 (D.C.Del. 1966); Glicken v. Bradford, 204 F.Supp. 300 (S.D.N.Y.1962). *See especially* the Opinion of the late Hon. William B. Herlands in Odita v. Elder Dempster Lines, Ltd., 286 F.Supp. 547 (S.D.N.Y.1968), where the facts were strikingly similar to those in the instant case. In addition, we note that the fact that plaintiff is an alien does not preclude his bringing the instant action. *See, e. g.*, The Belgenland, 114 U.S. 355, 5 S.Ct. 860, 29 L.Ed. 152 (1884); *Rodriguez, supra.* Nor does the record indicate any interest or attempt on the part of plaintiff to harass or oppress defendant. As indicated, *supra*, plaintiff first brought his action in Florida, and only initiated the instant action here after the Florida action was dismissed on defendant's motion. Moreover, it can hardly be harassment on the part of plaintiff to bring his action here, where defendant has its principal place of business, rather than in the Bahamas, when it may well be that for the reasons considered above he would be unable to bring it there. In addition, the fact that foreign law may be applicable does not change our determination as to the weight of convenience in this case. This Court is well versed in the task of applying foreign law.

We note, in addition, that plaintiff's attorneys have indicated that they are prepared to bring plaintiff's witnesses to New York for trial and to pay the transportation and other expenses which their witness may incur. (Plaintiff's Exhibit 6, Affidavit of A. J. Barranco, Jr., Esq.) Moreover, the use of depositions will, of course, be possible. *See, e. g.*, John Fabick Tractor Company v. Penelope Shipping Co., 278 F.Supp. 182 (S.D.N.Y.1967).

Accordingly, defendant's motion to dismiss is denied, without prejudice, however, to his making a motion at an appropriate time to tax plaintiff for witnesses' transportation and other expenses incurred in coming to this forum to testify.

So ordered.