580 P.2d 1223

Mario Sanchez AVILA and Bernardo Haro Estrada, Appellants,

v.

David CHAMBERLAIN, Appellee.

No. 2 CA–CIV 2686.

Court of Appeals of Arizona, Division 2.

April 13, 1978.

Rehearing Denied May 30, 1978.

Review Denied June 20, 1978.

Molloy, Jones, Donahue, Trachta & Childers, P.C. by Michael J. Meehan and Gary F. Howard, Tucson, for appellants.

David A. Chamberlain, in pro. per.

## OPINION

HOWARD, Judge.

This appeal arises from the dismissal of personal injury actions brought by appellants Avila and Estrada, Mexican nationals, against appellee Chamberlain, a resident of the State of Arizona. The 1970 accident out of which the litigation arose occurred in Sonora, Mexico. Following the accident, appellee was charged in Mexico with negligent operation of a motor vehicle, resulting in damage to property and injury to other persons. He posted an arraignment bond of 20,000 pesos to guarantee his appearance on the charges and was released. He returned to Arizona where he has remained ever since.

In December 1971, appellants filed their respective lawsuits alleging appellee's negligence in the operation of his vehicle resulting in appellants' injuries. Each also alleged that the proximate cause of the accident was "the inherently dangerous nature of the automobile operated by defendant Chamberlain, and its dangerous nature due to the velocity which it developed, pursuant to Art. 2109, Sonora Code, which plaintiff now pleads and upon which plaintiff intends to rely in this action." The tort claims against appellee were delayed pending the outcome of a declaratory judgment action by appellee's insurer on the question of coverage of a liability policy for the accident in Mexico. A summary judgment in favor of the insurer was affirmed by Division One of this court. See *Estrada v. Planet Insurance Company*, 26 Ariz.App. 103, 546 P.2d 372 (1976). Appellants immediately moved to set this litigation for trial and a tentative trial date of December 8, 1976 was set.

On October 22, 1976, appellee filed a motion to dismiss on the ground of lack of subject matter jurisdiction. His position was that applying the "contacts theory" adopted by our Supreme Court in *Schwartz v. Schwartz*, 103 Ariz. 562, 447 P.2d 254 (1968), the laws of the State of Sonora, Mexico would govern this litigation. Appended to his motion was a copy of a memorandum from a Sonora lawyer concerning the pertinent Sonoran law as to liability and damages.

In Texas, which is committed to the lex loci rule for choice of law purposes, *Marmon v. Mustang Aviation, Inc.,* 430 S.W.2d 182 (Tex.1968), the courts refuse to attempt to apply unfamiliar remedial provisions of Mexican tort law under the "doctrine of dissimilarity" and dismiss for lack of jurisdiction. *Ramirez v. Autobuses Blancos Flecha Roja, S.A. De C.V.,* 486 F.2d 493 (5th Cir. 1973); *Smith v. General Motors Corporation,* 382 F.Supp. 766 (N.D.Tex. 1974), aff'd 526 F.2d 804 (5th Cir. 1976); *Carter v. Tillery,* 257 S.W.2d 465 (Tex.Civ.

App.1953). On the other hand, where there is no proof as to the dissimilarity between the laws of Mexico and the laws of Texas, it is presumed that the measure of damages and the terms of recovery are the same. *Ochoa v. Evans,* 498 S.W.2d 380 (Tex.Civ. App.1973).

Appellants in their opposition to the motion to dismiss, disagreed that the law of Mexico applied and argued that even if Mexican law did apply, the mere dissimilarity did not deprive the court of jurisdiction. The court granted the motion to dismiss on condition (1) that appellee submit to the jurisdiction of the court of Sonora, Mexico, where proceedings had previously been commenced to redress the civil injuries sustained by appellants; (2) that appellee's appearance, whether in person or by an authorized attorney or other representative, be sufficient to bind him to any judgment which might be rendered in Mexico to the same extent and force as would judgment obtained in the State of Arizona; (3) that any judgment against appellee for further monetary damages be enforced in Arizona as though it had been rendered here; and (4) that the dismissed actions be reinstituted in this jurisdiction by appellants in the event of no determination on the merits of the relative rights and responsibilities of the parties in Mexico. Further, that in the event of any such reinstituted suit, appellee would not be entitled to assert the statute of limitations for a period of six months following the final action of the Mexican court which failed to determine the rights of the parties. A stipulation accepting these conditions, executed by appellee, was filed in court and an order of dismissal was entered. This appeal followed.

Appellants maintain that their choice of forum should not have been disturbed since appellee made no adequate showing for application of the forum non conveniens doctrine. They rely on the following language from *First National Bank & Trust Co. v. Pomona Mach. Co.,* 107 Ariz. 286, 486 P.2d 184 (1971):

". . . [I]t may be that certain circumstances for applicability of the doctrine do exist. In any event, that determination cannot be made on a factually incomplete record.

It should be remembered that since it is plaintiff's right to choose the forum, his choice should not be disturbed except upon adequate showing. Appellee has not made such a showing in this case." 107 Ariz. at 290, 486 P.2d at 188.

We agree with appellants that a defendant has the burden to show the applicability of the forum non conveniens doctrine when invoking its aid. Here, however, appellee did not urge forum non conveniens but attacked the jurisdiction of the court. The court did not agree, finding that it had jurisdiction and that if appellee did not file the required stipulation, the circumstances did not warrant application of the doctrine.

■ A court can decide sua sponte the question of whether or not to exercise jurisdiction. *Wilburn v. Wilburn,* 192 A.2d 797 (D.C.App.1963); *North Branch Products, Inc. v. Fisher,* 179 F.Supp. 843 (D.C.1960), rev'd on other grounds, 109 U.S.App.D.C. 182, 284 F.2d 611 (1960); *Nee v. Dillon,* 99 U.S.App.D.C. 332, 239 F.2d 953 (1956). We note first of all that appellants are Mexican nationals residing in Mexico, the accident and the injuries occurred in Mexico, the witnesses, if any, are in Mexico, and the vehicle driven by appellee was rented in Mexico from a Mexican affiliate of Hertz Rental Company. The only connection with the State of Arizona is that appellee resides here. As stated in *Nee v. Dillon,* supra:

"In a situation of this sort we think the District Court should make inquiry at pre-trial or at the trial itself with respect to the reasons why the doctrine of *forum non conveniens* should not be applied, even though jurisdiction in the strict sense can be obtained here under established rules. [citation omitted] In matters of this kind, plaintiffs from other jurisdictions should normally resort to their own courts: the courts of the District of Columbia, burdened as they are, should not without good reason be asked to make inquiry concerning events happening outside their jurisdiction or enter decrees with respect to property located elsewhere." 99 U.S.App.D.C. at 325, 239 F.2d at 955.

■■ An essential premise of any application of the doctrine of forum non conveniens is the availability of an alternative forum. *Gulf Oil Corporation v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Wilburn v. Wilburn,* supra; *Dorati v. Dorati,* 342 A.2d 18 (D.C.App.1975). This requirement that there be two forums in which a defendant is amenable to process is satisfied by a dismissal conditioned upon the defendant's stipulation to submit to the jurisdiction of the appropriate court. *Wilburn v. Wilburn,* supra.

■ Forum non conveniens is not available only to a defendant seeking to avoid the plaintiff's choice of forum. The trial court, with a view to judicial convenience in the light of the present congested court calendar, could exercise its discretion to decline to exercise its jurisdiction. We find no abuse of discretion. This litigation, except for the fact that appellee is amenable to process here, has no connection whatsoever with the parties or the subject matter of the suit. When appellee agreed to appear in the more appropriate forum, i. e., Sonora, Mexico, which has a substantial nexus to the parties and the subject matter of the suit, the lower court's action was appropriate. *Gibson Greeting Cards, Limited, Division of the C.I.T. Financial Corp. v. Gateway Transportation Co., Inc.,* 41 A.D.2d 918, 343 N.Y.S.2d 608 (1973).

■ Appellants present matters on appeal which were never presented to the court below either prior to or after its conditional ruling. In particular, it is argued that requiring them to litigate in Mexico would eliminate their ability to prosecute their claims. This is so, they claim, because

contingent fees are disapproved by State Bar Regulations of Sonora and they are unable to pay attorneys' fees and costs as incurred.

In support of their argument, they cite *Fiorenza v. United States Steel International, Ltd.,* 311 F.Supp. 117 (S.D.N.Y.1969) in which the federal court declined to apply the forum non conveniens doctrine. In *Fiorenza,* however, not only did the plaintiff show he would be unable to hire a lawyer but in addition there was a serious question as to whether, since he was an Italian citizen whose Bahamian entry permit was about to expire, he would be permitted to remain in or re-enter the Bahamian islands to carry on his lawsuit. Thus the New York court, because of the prospective unavailability of the alternate forum, opted to retain jurisdiction.

We decline to apply the *Fiorenza* rationale not only because of the factual difference between *Fiorenza* and the case sub judice, but also because the trial court was never afforded an opportunity to consider appellants' claim that they could not prosecute the suit in Mexico. Its sua sponte application of forum non conveniens did not foreclose appellants from requesting reconsideration of its conditional ruling. Appellants' belated attempt on appeal provides no basis for holding that the court abused its discretion.

Affirmed.

HATHAWAY, J., and LLOYD FERNANDEZ, Superior Court Judge, concur.

NOTE: Chief Judge JAMES L. RICHMOND having requested that he be relieved from consideration of this matter, Judge LLOYD FERNANDEZ was called to sit in his stead and participate in the determination of this decision.