**Maroun Najib ABIAAD and Francisca Abiaad**

v.

**GENERAL MOTORS CORPORATION.**

Civ. A. No. 81–1076.

United States District Court, E. D. Pennsylvania.

March 5, 1982.

As Amended March 18, 1982.

Robert Land, Philadelphia, Pa., for plaintiff.

George Lavin, Richard Heleniak, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

This is a diversity jurisdiction action for personal injuries brought under a products liability theory. Presently before the court is the motion of the defendant to dismiss for forum non conveniens. For the reasons which follow, and subject to the conditions specified herein and our accompanying order, the motion is granted.

### I

Viewed in the light most favorable to the plaintiff, the facts are as follows. Plaintiff-husband is a citizen of the country of Lebanon; plaintiff-wife is a citizen of the country of Brazil. Both now reside in Philadelphia, as they did at the time this suit was commenced in the Court of Common Pleas, Philadelphia County. Defendant subsequently effected removal to this court.

The incident which gave rise to this action occurred in Abu Dhabi, United Arab Emirates. Plaintiffs allege that plaintiff-husband was injured while working on a 1977 Cadillac Eldorado manufactured by defendant, when the engine burst into flames. The car had been sold by General Motors Overseas Distribution Corporation to Saeed Bin Ahmed Al-Otaiba and Son, an independent dealer located in Abu Dhabi. The car was owned by the Pan Arabian Company of the United Arab Emirates, and was operated regularly by the manager of the company, Wael Alzein. It had been brought to plaintiff-husband for repair of a "miss in the engine" believed to be due to a fuel injection problem.

The work was being conducted in plaintiff-husband's rented automobile repair shop in Abu Dhabi, by both plaintiff-husband and his employees. They had previously worked on the same car approximately one month earlier. The remains of the vehicle are in Abu Dhabi. All medical treatment received by plaintiff-husband was administered in Abu Dhabi by local medical personnel.

### II

The doctrine of forum non conveniens permits a court to resist imposition upon its jurisdiction in certain circumstances even though it has jurisdiction and venue is proper. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1946). The doctrine "involves the dismissal of a case because the forum chosen by the plaintiff is so completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else." *Norwood v. Kirkpatrick*, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789 (1955). Among other reasons, "when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems,' the court may, in the exercise of its sound discretion, dismiss the case." *Piper Aircraft Co. v. Reyno*, —— U.S. ——, ——, 102 S.Ct. 252, 258, 70 L.Ed.2d 419 (1981); quoting *Koster v. Lumbermen's Mut. Cas. Co.*, 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947).

As an initial matter, application of the doctrine presupposes the existence of an adequate alternative forum in which the action can be brought. *Piper Aircraft Co. v. Reyno*, —— U.S. ——, ——, ——, n.22, 102 S.Ct. 258, 265, n.22, 70 L.Ed.2d 419. The court must then employ the balancing test set forth in the *Gulf Oil* case. As explained in the *Reyno* case, the court should be guided by the *Gulf Oil v. Gilbert* "list of 'private interest factors' affecting

the convenience of the litigants, and a list of 'public interest factors' affecting the convenience of the forum." *Piper Aircraft Co. v. Reyno*, at ——, 102 S.Ct. at 258.

### (A)

■ The threshold question of availability of an alternative forum does give us some pause, for the law and customs and practices of Abu Dhabi, United Arab Emirates, are not matters with which we are greatly familiar. Nonetheless, plaintiffs have not brought to our attention and we are not aware of any information that would lead us to conclude that this is one of those "rare circumstances ... where the remedy offered by the other forum is clearly unsatisfactory ... [so that] the other forum may not be an adequate alternative...." *Reyno* at —— n.22, 102 S.Ct. at 265, n.22. *Cf. Phoenix Canada Oil Co. Ltd. v. Texaco, Inc.*, 78 F.R.D. 445 (D.C.Del. 1978), in which the court refused to dismiss in favor of the proposed alternative forum of Ecuador, for among other reasons, uncertainty as to Ecuador's ability to obtain jurisdiction over the defendants, and possible lack of legal remedy in Ecuador for the legal theories advanced by the plaintiff. *Id.* at 456. Unlike that court however, as discussed below, this court finds the other factors which must be considered in deciding forum non conveniens questions to weigh in favor of dismissal. Thus we believe that the mere unsubstantiated possibility that the United Arab Emirates is not an adequate alternative forum is not enough to warrant imposition upon this court's jurisdiction of a case which really ought to be heard in that other forum. Dismissal seems particularly appropriate when conditioned upon those requirements set out at the end of this opinion. In addition, we are persuaded to dismiss even after careful reading of the thoughtful opinion in *Fiorenza v. United States Steel International, Ltd.*, 311 F.Supp. 117 (S.D.N.Y.1969), and the cases relied on therein. The court there held that when an alternate forum "is not truly available for any reason ... the doctrine of forum non conveniens will not be applied to dismiss the action," and found

that the "prospective unavailability of the alternate forum in the Bahamas outweigh" other factors favoring dismissal. *Id.* at 121. In our view, the prospective unavailability of an alternate forum in the United Arab Emirates is but pure conjecture. Had we before us some tangible support for the proposition that the alternative forum is clearly inadequate, we might have reached a different result.

### (B)

In ruling on the existence and adequacy of an alternative forum issue in particular, and on the balancing of conveniences in forum non conveniens cases in general, it is now clear that dismissal may not be defeated "merely by showing that the substantive law that would be applied in the alternative forum is less favorable to the plaintiff than that of the present forum." *Piper Aircraft Co. v. Reyno*, —— U.S. at ——, 102 S.Ct. at 261.

■ Neither the briefs or other material supplied to the court by the parties, nor the research conducted from resources available to this court in the time since defendant's motion was filed, is sufficient for us to determine with any certainty just what the law of products liability, negligence, and personal injury is in the United Arab Emirates. Nevertheless, it need not equal that of Pennsylvania in order for dismissal to be proper. Less favorable law and chance of recovery does not by itself bar dismissal. *Id.* at ——, 102 S.Ct. at 262. Indeed, if the law was otherwise the court would find itself engaged in just those difficult interpretations of the law of foreign jurisdictions and complex exercises in comparative law that the doctrine of forum non conveniens was designed, in part, to avoid. *Id.* For that reason, despite our lack of clarity regarding the exact nature of the law in the alternative jurisdiction, we are constrained to dismiss this case. Even assuming that the law is less favorable to plaintiffs, as already noted in II(A), above, it simply has not been demonstrated that dismissal will deprive plaintiffs of any remedy at all. *See Id.* at ——, 102 S.Ct. at 265.

**(C)**

One other matter deserves attention before turning to the *Gulf Oil v. Gilbert* analysis. We are presented not with a plaintiff who is a resident of some foreign country, but with a plaintiff who, albeit not a citizen, is a permanent resident of the United States and whose choice of forum is his country of residence. Thus this case differs in that respect from *Piper Aircraft Co. v. Reyno.* However, some guidance is provided by the Supreme Court in that case. The court recognized a "distinction between resident or citizen plaintiff and foreign plaintiffs ... [as] fully justified." *Id.* at ——, 102 S.Ct. at 266. The court reasoned that "a plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum ... [because] [w]hen the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable ... [so that] a foreign plaintiff's choice deserves less deference." *Id.* In the accompanying footnote, the court was careful to note that despite the greater deference given a resident plaintiff suing at home, forum non conveniens is nonetheless available to the court in appropriate circumstances.

> "Citizens or residents deserve somewhat more deference than foreign plaintiffs, but dismissal should not be automatically barred when a plaintiff has filed suit in his home forum. As always, if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant in the court, dismissal is proper."

*Id.* at ——, n.23, 102 S.Ct. at 266, n.23.

■ Two things are apparent from these remarks. First, it seems that for forum non conveniens purposes no distinction is made by the court between a citizen and resident, and a resident who is not a citizen is not considered a foreign plaintiff. Thus, this case may not be dismissed merely because the plaintiffs are residents but not citizens of the United States. Second, a suit brought by a non-citizen resident in his home forum may still be dismissed on grounds appropriate in forum non conveniens cases.

Even though we extend to the resident plaintiffs in the case *sub judice* greater deference in their choice of forum than given the foreign plaintiffs in *Reyno* by the Supreme Court, or than given the foreign plaintiffs by this court in *Harrison v. Wyeth Laboratories*, 510 F.Supp. 1 (E.D.Pa. 1980), *aff'd*, 676 F.2d 685 (3d Cir. 1982), our following analysis of the *Gilbert* factors clearly points to dismissal.

**III**

■ The Supreme Court has summarized the *Gulf Oil v. Gilbert* balancing test as follows:

> "The factors pertaining to the private interests of the litigants included the 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive.' *Gilbert*, supra, at 508 [67 S.Ct. at 843]. The public factors bearing on the question included the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of law, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. *Id.*, at 509 [67 S.Ct. at 843]."

*Piper Aircraft Co. v. Reyno*, —— U.S. at ——, 102 S.Ct. at 258, n.6. "[T]here is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum. *Id.* at ——, 102 S.Ct. at 265. Here, both the private

and public interest factors, affecting the convenience of the parties and of the court, point toward dismissal.

### (A)

Despite the location of the plaintiffs and the defendant in Pennsylvania, the most significant aspect of this case for purposes of the forum non conveniens motion is that the accident which gives rise to plaintiffs' claim occurred in Abu Dhabi, United Arab Emirates. The automobile had been sold to a dealer in that country, was owned and operated there, and allegedly burst into flames and injured plaintiff-husband there. In addition, plaintiff-husband was treated by medical personnel there, and the remains of the automobile are there. It is indeed difficult to see how Pennsylvania is a more convenient forum for plaintiffs or defendant.

All of the witnesses and evidence concerning the accident itself and the relevant events leading up to, and following it, are in Abu Dhabi. These include those employees present in the repair shop who were eyewitnesses, those who were at the time of the accident working on the car, those who had on previous occasions worked on it; others familiar with the condition, treatment, care and maintenance of the vehicle, such as its usual operator, other persons associated with its corporate owner, the automobile dealer who first bought the car, and any of his associates or employees who may have such knowledge, and any others who may have worked on or serviced the car. Additional witnesses would include medical personnel who treated plaintiff-husband, and any police officers or governmental agents or authorities who may have investigated the accident or have relevant information concerning the car, the repair shops, or the plaintiff-husband.

Also located in Abu Dhabi are various records, papers, and other materials which may be of importance, such as work and repair invoices, registrations, licenses and reports, and various other official documents.

Finally, the car itself, the repair shop which was the site of the accident and at which work had been conducted, and the parts, tools, and facilities used in the repairs are all located in Abu Dhabi, United Arab Emirates.

Surely it would be difficult, to say the least, and expensive, for all of these witnesses and evidence to be brought to the United States. Of course, it may not be necessary, even if possible, for all to be brought here, while still providing the litigants with a fair opportunity to present and defend this case. Some evidence would seem so crucial, however, that trial without it is hard to imagine. For example, the remains of the car is one such item. Determination of the cause of the fire probably depends on examination of the automobile engine, and such an examination would no doubt be of great interest to both the court and the jury. In addition, the repair shop may well contain clues to the fire's origin, and a visit to that scene by the court and jury would probably be of great benefit. Obviously a court and jury sitting in Pennsylvania will not have the opportunity to examine a car and repair shop located in the United Arab Emirates. As for any witnesses, documents, or other evidence which may be needed, but which are located in Abu Dhabi, it is obviously beyond the reach of this court's power to compel their presence.

True, plaintiffs allege a products liability theory, and any plans, reports, records or other documents of the defendant which bear on the alleged design defect are located in the United States, even if not in Pennsylvania. The same may be said of expert witnesses. Nevertheless, the overwhelming volume of evidence in Abu Dhabi far outweighs the evidence in this forum, and easily tips the balance of convenience toward the alternative forum.

Moreover, the seeming convenience to both plaintiffs and defendant by virtue of their being located here is illusory. It may appear easier for them to remain here and not be forced respectively, to bring suit and defend in a foreign country, but in reality it

is far easier to go to trial in Abu Dhabi than to face the more difficult challenge in Pennsylvania of bringing and defending a suit without access to the evidence.

### (B)

With regard to the public factors to consider in balancing the relative convenience of the two alternative forums, we have already dealt, in II(B) above, with the need to avoid unnecessary conflicts of law problems and the difficulty of applying foreign law here. Of considerable and equal importance to the court is the strong local interest in having this localized controversy decided at home.

Initially, we must emphasize that this case is of a local nature. Once sold to the auto dealer in Abu Dhabi, the car had no contact with the United States. It was owned and operated by a company in Abu Dhabi, driven on the roads of Abu Dhabi, and serviced in repair shops in Abu Dhabi by mechanics in Abu Dhabi. Although the plaintiffs are not citizens or currently residents of the United Arab Emirates, it is significant that the injured plaintiff-husband was a resident there, and working on a local car, when the accident occurred. Moreover, the plaintiffs had no connection to the United States at that time, and had none until moving here.

The United Arab Emirates has a strong interest in this local controversy involving local people and a vehicle locally owned and operated. It surely has an interest in the standard of conduct and rules of liability applicable to its residents and to the products which they use. This is especially so when the product is one as important to its people and economy as is the automobile. The standards applicable in Pennsylvania and the United States simply have no relevance in Abu Dhabi. The balance of risks and benefits inherent in any products liability and negligence analysis is more properly determined by the locality in which they are to apply, for questions of the degree of protection from injury to be extended, and consequences of the liability to be imposed are matters of intense local concern. Of course, the same is true with regard to the level of recovery to be permitted an injured party. Such decisions ought not to be imposed on other nations by courts in the United States.

Of particular concern to the court as well is the potential unfairness to the defendant of having to defend a products liability action with regard to a car over which it had no control once sold, in the face of the strong possibility that it would be unable to implead as third party defendants others whose own control may have contributed to or caused the accident.

Finally, if trial were held in this forum, under Pennsylvania choice of law rules, the law applicable is that of the United Arab Emirates. As a federal court sitting in a diversity jurisdiction matter, we apply the choice of law rules of the forum state. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 734, 85 L.Ed. 1115 (1941). The Pennsylvania "most significant relationship" test is a flexible approach which permits analysis of the policies and interests underlying the particular issue before the court, and gives the place having the most interest in the problem paramount control over the legal issues arising out of a particular factual context and thereby allows the forum to apply the policy of the jurisdiction most intimately concerned with the outcome of the particular litigation. *Griffith v. United AirLines, Inc.*, 416 Pa. 1, 21–22, 203 A.2d 796, 805–806 (1964).

As already discussed, Abu Dhabi, United Arab Emirates, not Pennsylvania, has the greater interest in the proper rules of liability and recovery to be established in tort claims of this type. As the jurisdiction most intimately concerned with the outcome of this litigation, its law would be applied. Yet, as already also noted, we would face grave difficulties in determining precisely the principles of that law. This too provides strength to our decision to dismiss on forum non conveniens grounds.

Under such circumstances we now believe that neither the resources of the court nor of the jurors who would hear this case should be so burdened.

## (C)

The facts of this case are virtually identical to the *Reyno* case, in which all plaintiffs were citizens and residents of Scotland representing decedents, also all Scottish citizens and residents, who were killed in an air crash in Scotland. The aircraft was owned by a British company and operated by a Scottish air taxi service. The wreckage of the plane, which had been manufactured in Pennsylvania, and its propeller in Ohio, was in England. Suit was brought against the American defendants on negligence and strict liability theories.

The Court held that the *Gulf Oil v. Gilbert* analysis weighed in favor of dismissal because of the problems of access to sources of proof, witnesses and evidence, inability to implead potential third party defendants, and the strong local interest of Scotland in having the local controversy decided at home. *Piper Aircraft Co. v. Reyno*, —— U.S. at ——, ——, 102 S.Ct. at 266, 268. The court specifically rejected as "insignificant" the "incremental deterrence" from producing defective products that would be gained if trial were held in an American court. *Id.* at ——, 102 S.Ct. at 268.

The only difference in the case *sub judice* is that the plaintiffs here are located in their chosen forum. In view of all we have already stated, and of the reasoning of the Supreme Court in *Reyno*, we see no reason why that one fact should compel a different outcome.

There is also a striking similarity to the case of *Harrison v. Wyeth Laboratories*, 510 F.Supp. 1 (E.D.Pa.1980), aff'd, 676 F.2d 685, (3d Cir. 1982), decided by this court and affirmed by the Third Circuit. There, British citizens and residents allegedly injured in England, due to the use, in England, of birth control pills manufactured, packaged, labelled, marketed and sold, in England, by a subsidiary of the American defendant, brought suit on negligence and product liability theories. The actions were dismissed on forum non conveniens grounds by this court. We reasoned that questions regarding the safety of drugs, standards of liability, and the balancing of the benefits and risks of a product's use are matters of local concern which deserve to be decided at home, where the drug was produced and used. In the case *sub judice*, the same considerations apply with equal force, for although this case differs in that the allegedly defective product was manufactured in the United States, the same ultimate question of design defect is raised. Again we conclude that the locality in which the product was used has the paramount interest in the accident and in the outcome of this controversy. Safety standards, liability rules and recovery values ought to be decided at home, and not imposed by a foreign court. The judgments required for the balancing of factors inherent to such determinations are best made with local wisdom.

## IV

Certain conditions must be attached to dismissal of this matter in order to preclude the possibility that the defendant would be effectively insulated from plaintiffs' claims. *See Harrison v. Wyeth Laboratories*, 510 F.Supp. at 6; *Dahl v. United Technologies Corp.*, 472 F.Supp. 696 (D.Del.1979), aff'd, 632 F.2d 1027 (3d Cir. 1980), in which similar conditions were imposed. *See also, Piper Aircraft Co. v. Reyno*, —— U.S. at ——, 102 S.Ct. at 267, n.25.

■ The defendant must agree to submit to the jurisdiction of the courts of Abu Dhabi, United Arab Emirates in any civil action timely instituted there against them on the claim alleged herein. In addition, because there may be evidence located in the United States under the control of the defendant which must be made available to the plaintiffs for a fair adjudication, the defendant must agree to make available at its own expense any such documents, witnesses or other evidence which are needed for a fair adjudication in Abu Dhabi, United Arab Emirates. Finally, so that any judgment rendered against the defendant in Abu Dhabi, United Arab Emirates, has effect, the defendant must agree to pay any judgment so entered on plaintiffs' claims. The defendant shall advise the court of its consent to these conditions within ten days.

Because of the forum non conveniens prerequisite of an alternative forum, dismissal is further conditioned upon actual availability of an alternative forum in Abu Dhabi, United Arab Emirates. After prompt and reasonable attempt to initiate action in Abu Dhabi, United Arab Emirates, should plaintiffs be unable to receive an adjudication under the laws of that country, they may so certify to this court and return here to apply for reinstitution of their claims. To that extent only, dismissal is without prejudice, and the applicable statute of limitations tolled.

### ORDER

The motion of the defendant to dismiss for forum non conveniens is GRANTED, conditioned upon the following:

1. That defendant consents to suit and acceptance of process in Abu Dhabi, United Arab Emirates in any civil action timely filed by plaintiffs on their claims.

2. That defendant agrees to make available, at its own expense, any documents or witnesses within its control that are needed for fair adjudication of any action brought in Abu Dhabi, United Arab Emirates by the plaintiffs on their claims.

3. That defendant consents to pay any judgment or judgments, if any, which may be rendered against it in Abu Dhabi, United Arab Emirates in any civil action brought by plaintiffs on their claims.

4. The defendant to advise the court its consent to these conditions within ten days of this Order.

5. After prompt and reasonable attempt to initiate action in Abu Dhabi, United Arab Emirates, should plaintiffs be unable to receive an adjudication under the laws of that country, they may so certify to this court and return here to apply for reinstitution of their claims. To that extent only, dismissal is without prejudice, and the applicable statute of limitations tolled.

Such attempt to initiate legal action in Abu Dhabi, United Arab Emirates, on the claims raised in this case, is to be commenced within six (6) months of the date of this Amended Order. Failure to do so shall result in dismissal with prejudice.

IT IS SO ORDERED.